Brian A. **RODGERS**, Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 42A01–9805–CR–179.

Court of Appeals of Indiana.

Feb. 16, 1999.

Christopher A. Ramsey, Ramsey & Black, Vincennes, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

GARRARD, Judge.

### Case Summary

Brian Rodgers appeals the denial of his petition for education credit time under Indiana Code Section 35–50–6–3.3. We reverse and remand.

### Issue

Whether the trial court properly denied Rodgers' petition for education credit under Indiana Code Section 35–50–6–3.3 where Rodgers received a general education development ("GED") diploma while in a regional community corrections work release program.

### Facts and Procedural History

In July 1996, Rodgers pled guilty to charges of theft, a class D felony, and possession of a controlled substance, a class D felony. In August 1996, Rodgers was sentenced to a three year suspended sentence under supervised probation. As a condition of the probation, he was required to complete three years in the Wabash Valley Regional Community Corrections work release program.[1] In October 1996, Rodgers obtained a GED diploma. Rodgers then petitioned the trial court for education credit pursuant to Indiana Code Section 35–50–6–3.3. The trial court denied Rodgers' petition.

### Discussion and Decision

Rodgers seeks to earn credit time for the GED that he received while he was in the Wabash Valley Community Corrections Program. Under Indiana Code Section 35–38–2.6–6, "[a] person who is placed in a community corrections program under this chapter is entitled to earn credit time under IND.

---

1. In *Gardner v. State*, 678 N.E.2d 398, 401 (Ind. Ct.App.1997) the court recognized the anomalies presented by the implementation by the legislature of alternative programs such as community corrections placements while referring to them as forms of probation. *See* IND CODE § 35–38–2–2.3. For purposes of this opinion we need not delve into them.

CODE 35–50–6 unless the person is placed in the person's home."[2] Indiana Code Section 35–50–6–3.3 provides for credit time that can be used to reduce an inmate's time in prison. A prisoner may earn credit time if he or she is in credit Class I for "good time" credit purposes[3], has "demonstrated a pattern consistent with rehabilitation", and completes the requirements for certain diplomas and degrees. IND.CODE § 35–50–6–3.3(a). A prisoner earns six months of credit time for completing a GED diploma. IND.CODE § 35–50–6–3.3(b)(1). Rodgers petitioned for credit time for the GED he received while he was in the community corrections program. However, the trial court denied Rodgers' request. The trial court did not state reasons in its order for denying the request; however, the State argues that the credit time was properly denied for two reasons: 1) under Indiana Code Section 35–50–6–6, a person does not earn credit time while on parole or probation, and 2) Rodgers twice violated his probation, thus failing to meet the "demonstrated a pattern consistent with rehabilitation" section of the education credit time statute.[4]

■ While the State is correct in its general assertion that a person cannot earn credit time while on parole or probation, that restriction does not apply where the person is in a community corrections program. IND. CODE § 35–38–2.6–6. Although Rodgers was on probation when he requested his education credit, he received his GED while he was in a community corrections program. There is no statute requiring that a person *request* education credit while in the community corrections program. Rather, Indiana Code Section 35–38–2.6–6 states that a person placed in a community corrections program is entitled to earn credit time while in the program. Since Rodgers completed the GED requirements while in the community corrections program, we conclude that his request properly falls under the education credit statute and is not restricted by Indiana Code Section 35–50–6–6. Thus, we turn to the State's second argument—that Rodgers should be denied credit time because he violated his probation and did not demonstrate a pattern consistent with rehabilitation.

■ Indiana Code Section 35–50–6–5 discusses the deprivation of credit time. Under this section a person may be deprived of any part of the credit time he has earned for several reasons, with some limitations. For example, "the violation of a condition of parole or probation may not be the basis for the deprivation." IND.CODE § 35–50–6–5. This limitation is necessary, as it pertains to "good time" credit because, in order to receive "good time" credit, a person must be imprisoned and cannot earn the credit while on parole or probation. IND.CODE § 35–50–6–6.

A person earns "good time" credit for time served in confinement or imprisonment as long as the person maintains Class I or Class II status. IND.CODE § 35–50–6–3. For example, a person assigned to Class I credit earns one (1) day of credit time for each day he is imprisoned for a crime. IND.CODE § 35–50–6–3(a). Thus, a person earns the credit by being imprisoned while maintaining a certain class status. In essence, the entitlement to the credit time is completed immediately upon completing a day in confinement. Once the credit time is earned, a person can still be deprived of it for *certain* reasons but he is entitled to a hearing and certain procedural protections before any

2. This statute also provides that "[a] person placed in a community corrections program under this chapter may be deprived of earned credit time as provided under rules adopted by the department of correction under IND. CODE 4–22–2." IND.CODE § 35–38–2.6–6(b). However, we have not located any rules adopted by the Department of Correction pertaining to credit time.

3. In his petition for credit time, Rodgers stated that he was assigned to credit Class I while at the Wabash Valley Community Corrections Center.

4. Community Corrections filed notice of a probation violation on October 15, 1997, approximately one month before Rodgers filed his petition for credit time. Probation then filed notice of a probation violation on January 9, 1998, four days before the trial court denied Rodgers' petition for credit time.

credit time can be taken away. IND.CODE § 35–50–6–5.[5]

The education credit statute has slightly more stringent requirements. A person receives education credit if the person is in credit Class I, has demonstrated a pattern consistent with rehabilitation, and successfully completes the requirements to obtain one of several diplomas or degrees. IND.CODE § 35–50–6–3.3. Here, Rodgers completed the requirements for earning a GED while in credit Class I in a community corrections program. However, after being released on home detention, Rodgers twice violated his probation. The State argues that therefore Rodgers did not demonstrate a pattern consistent with rehabilitation and so is not entitled to the education credit. We must thus decide whether the trial court may use the probation violations as evidence of Rodgers' failure to demonstrate a pattern consistent with rehabilitation or whether Indiana Code Section 35–50–6–5, which states that a probation violation may not be used as the basis for deprivation of earned credit time, bars this action. In order to answer this question we must first determine whether Rodgers had already "earned" the credit time, thus making the trial court's actions a deprivation of credit time.

■ We conclude that, at the time he violated his probation, Rodgers had already earned the credit time for his GED. Therefore, the trial court could not deny him the credit time based on his subsequent probation violations. We reiterate the requirements of Indiana Code Section 35–50–6–3.3(a), the education credit statute. A person may receive education credit if the person is in credit Class I for "good time" credit purposes, "*has* demonstrated a pattern consistent with rehabilitation," and completes the requirements for a diploma or degree. IND. CODE § 35–50–6–3.3(a)(emphasis added). The plain language of the phrase "has demonstrated a pattern ..." limits the time period for evaluating the inmate's behavior to the time period before he receives his diploma or

degree, since the common, ordinary meaning of the phrase "has demonstrated" refers to past conduct. Accordingly, an inmate earns the right to credit time under the education credit statute when the inmate successfully completes the requirements for the degree as long as the inmate has, until that point, demonstrated a pattern consistent with rehabilitation.

In addition to following the plain language of the statute, our conclusion furthers the purposes of the credit time statutes. The purpose in enacting the "good time" credit statutes was to encourage inmates to behave well while confined and to help prison authorities maintain order and control. *State v. Eckhardt,* 687 N.E.2d 374, 376 (Ind.Ct. App.1997). We surmise that the purpose of education credit time is to encourage inmates to educate themselves during their confinement period in the hope that they will be rehabilitated and become more productive members of society upon their release. Encouraging inmates in this regard subsequently furthers the original goals of the "good time" credit statute. Inmates should be rewarded for earning diplomas and degrees and for remaining on good behavior during the time period in which they are working to successfully complete the requirements for the diplomas and degrees.

Here, Rodgers completed the requirements for his GED while he was in a community corrections program. His entitlement to the education credit time accrued immediately upon his completion of the degree. There is no evidence in the record to suggest that he did not demonstrate a pattern consistent with rehabilitation while he was working toward his diploma in the community corrections program. Therefore, Rodgers is entitled to receive credit time for earning his GED pursuant to Indiana Code Section 35–50–6–3.3. We reverse the trial court's judgment and remand with instructions to subtract the six months education credit from the period of imprisonment originally imposed on Rodgers by the sentencing court.

---

**5.** Before a person may be deprived of earned credit time, the person must be granted a hearing to determine his guilt or innocence of certain violations and, if found guilty, whether depriva-

tion of earned credit time is an appropriate disciplinary action for the violation. IND.CODE § 35–50–6–5(b).

*See Miller v. Walker,* 655 N.E.2d 47, 49 (Ind.1995); IND.CODE § 35–50–6–3.3.

Reversed and remanded.

BAKER, J., and ROBB, J., concur.