Lawrence RENFROE, Appellant–
Petitioner,

v.

Al C. PARKE, Appellee–Respondent.

No. 67A01–0005–CR–140.

Court of Appeals of Indiana.

Oct. 19, 2000.

Lawrence Renfroe, Appellant pro se.

Karen Freeman–Wilson, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Lawrence Renfroe appeals the denial of his petition for post-conviction relief. We reverse and remand for further proceedings.

### Issue

We restate the sole issue presented by this appeal as whether the Indiana Department of Correction ("DOC") awarded Renfroe sufficient credit time toward his sentence for earning his general educational development ("GED") diploma.

## Facts

On March 13, 1995, Renfroe was sentenced to a fixed term of three years for possession of a stolen vehicle. At the time of the sentence, he had earned forty-six days of pre-sentence jail credit. Because of his consistent Class I credit status, Renfroe's earliest release date was calculated to be July 26, 1996 – i.e., one and one-half years from his first day of imprisonment on the charge. He received his GED on July 1, 1996, and should have been awarded a six-month credit pursuant to Indiana Code Section 35–50–6–3.3. He was released that same day, thereby actually benefiting from only twenty-five days of the six-month credit. The next day he was declared delinquent; he was returned to the DOC as a parole violator on August 29, 1996. Renfroe was paroled a second time on February 17, 1997. He was again declared delinquent on March 24, 1997, but was not returned to the DOC until January 12, 2000. On January 27, 2000, the Parole Board revoked Renfroe's parole, and he was ordered to serve the remainder of his original three-year fixed term. On March 6, 2000, he petitioned for post-conviction relief, claiming that the DOC had miscalculated his earliest possible release date – July 11, 2000 –, and his maximum release date – January 11, 2001 – by failing to include the balance of the six-month credit he had earned on July 1, 1996. On March 27, 2000, the State moved for dismissal or summary disposition; Renfroe filed his reply on April 3, 2000. On April 6, 2000, the post-conviction court ruled in favor of the State, finding in relevant part:

7. The [DOC] has determined that his fixed term expires on January 11, 2001[,] but Renfro[e] contends that it expires on May 26, 2000.

\* \* \* \* \*

10. The issue in this case is the effect of credit time on the fixed term of imprisonment.

11. Under controlling authority from the Supreme Court of Indiana and Indiana Court of Appeals, respondent is entitled to summary disposition and judgment in his favor because the contention that credit time awarded for an educational degree or diploma reduces the sentence was rejected in *Majors* [*v. Broglin*, 531 N.E.2d 189 (Ind.1988) ] and *Page* [*v. State*, 517 N.E.2d 427 (Ind.Ct. App.1988) ].

After seeking review and reconsideration, which the trial court denied on May 16, 2000, Renfroe filed the record of proceedings in this court on July 5, 2000, and filed his appellate brief on July 8, 2000. Due to the award of Class I credit, Renfroe was released on July 11, 2000.

## Analysis

 Renfroe argues he is entitled to relief because the DOC did not award him the statutory credit for his GED by subtracting six months from his three-year fixed term. As we recently stated in *Atchley v. State:*

When appealing the denial of a PCR petition, the appellant faces a rigorous standard of review. The appellant must demonstrate that the evidence, when taken as a whole, is without conflict and leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. We accept the trial court's findings of fact unless they are clearly erroneous, but we do not defer to the trial court's conclusions of law. [The PCR appellant] bears the burden of establishing his grounds by a preponderance of the evidence.

730 N.E.2d 758, 762 (Ind.Ct.App.2000) (citations omitted).

In 1990, the Indiana Correction Advisory Committee issued its Long–Range Plan for Indiana's Criminal Justice System, in which it recommended that offenders' release from the [DOC] be linked to efforts to improve themselves. Indiana Correction Advisory Committee: *Final Report, A Long–Range Plan for Indiana's Criminal Justice System* 9 (1990). Along with drug

abuse, literacy, and occupational programs, educational programs were touted because an objective assessment tool can be easily developed for these areas. *Id.* The Committee urged the award of extra credit, distinct from that earned for good behavior, to work against the lack of a

> real incentive to participate in educational, therapeutic, training or work programs.... In fact, because there is no release incentive to participate in these programs, the offender counter-culture provides a disincentive for offenders to better themselves, as those who do are often subject to ridicule and abuse from other inmates who accuse them of playing up to the authorities.

*Id.*

As a result of the Committee's recommendations, in 1993 the Indiana Legislature enacted Indiana Code Section 35–50–6–3.3(b)(1), which provides in relevant part that a prisoner earns six months of credit time for completing a GED diploma. Specifically, Indiana Code Section 35–50–6–3.3(b)(1)(c) provides that [c]redit time earned ... under this section is subtracted from the period of imprisonment imposed on the person by the sentencing court.

 Renfroe cites *Rodgers v. State,* 705 N.E.2d 1039 (Ind.Ct.App.1999), for the proposition that a prisoner's entitlement to education credit time accrues immediately upon his or her completion of the degree, regardless of subsequent parole violation(s) or parole status. *See Rodgers,* 705 N.E.2d at 1042. *Rodgers* involved a defendant who, like Renfroe, completed the requirements for earning a GED while eligible for Class I credit. Unlike Renfroe, Rodgers was serving his sentence in a community corrections program instead of in the custody of the DOC. Also like Renfroe, Rodgers twice violated his probation after being released on home detention. We concluded that at the time he violated his probation, Rodgers had already earned the credit time for his GED. Therefore, the trial court could not deny

him the credit based on his subsequent probation violations. *Id.*

 The State argues that the appeal is moot because Renfroe was released three days after he filed his appeal. However, we conclude that the issue Renfroe raises is not moot due to the fact that he must remain on parole and be subject to re-imprisonment for any parole violation for the duration of his fixed term, whatever that term may be.

The statute governing parole provides in pertinent part:

(a) [W]hen a person imprisoned for a felony completes his fixed term of imprisonment, less the credit time he has earned with respect to that term, he shall be released:

> (1) on parole for a period not exceeding twenty-four (24) months, as determined by the parole board; or

> (2) to the committing court if his sentence included a period of probation.

(b) [A] person released on parole remains on parole from the date of his release *until his fixed term expires,* unless his parole is revoked or he is discharged from that term by the parole board. In any event, if his parole is not revoked, the parole board shall discharge him after the period set under subsection (a) or the expiration of the person's fixed term, whichever is shorter.

(c) *A person whose parole is revoked shall be imprisoned for the remainder of his fixed term.* However, he shall again be released on parole when he completes that remainder, less the credit time he has earned *since the revocation.* The parole board may reinstate him on parole at any time after the revocation.

Ind.Code § 35–50–6–1 (emphases added.) Relying upon subsection (c) above, the State argues that once his parole was revoked, Renfroe was entitled only to credit time earned after the revocation. In es-

sence, the State seems to argue that to allow Renfroe to use more than twenty-five days of the education credit is akin to allowing him to bank the education credit, saving it until a parole revocation and then availing himself of it any time his parole is revoked. To the contrary, we conclude that immediately upon the date Renfroe earned his GED diploma – July 1, 1996 – his fixed term should have been reduced from three years to two and one-half years. *See* Ind.Code § 35–50–6–3.3(c); *see also Miller v. Walker,* 655 N.E.2d 47, 49 (Ind.1995) (holding that statutory language in addition to means educational credit does not supplant good time credit already earned) and *Rodgers,* 705 N.E.2d at 1042 (reversing the trial court's denial of education credit and remanding with instructions to subtract the six months education credit from the period of imprisonment originally imposed ... by the sentencing court). The record does not reflect such a reduction in Renfroe's fixed sentence. It appears to us that at most, Renfroe only received twenty-five days of credit for the GED: he was otherwise scheduled for release (due to Class I credit) on July 26, 1996, and was instead released on July 1, 1996.

*Majors* and *Page,* cited by the post-conviction court in the denial of Renfroe's petition, are inapposite. They were decided before the 1993 enactment of Indiana Code Section 35–50–6–3.3 and only address the application of regular good time credit to the sentences of those whose parole has been revoked, rather than the application of the education credit at issue here. *Miller* and *Rodgers,* on the other hand, squarely address the question before us and answer it dispositively. Thus, the post-conviction court has reached an erroneous legal conclusion.

Moreover, sound public policy dictates this result. As Judge Garrard reasoned in *Rodgers:*

> We surmise that the purpose of education credit time is to encourage inmates to educate themselves during their confinement period in the hope that they will be rehabilitated and become more productive members of society upon their release.... Inmates should be rewarded for earning diplomas and degrees *and* for remaining on good behavior during the time period in which they are working to successfully complete the requirements for the diplomas and degrees.

705 N.E.2d at 1042 (emphasis added). Our legislature has seen fit to further the goal of inmates' good behavior by instituting the system of good time credit, i.e., one day of credit awarded for each day served. The furtherance of education during confinement is an equally laudable goal, but one that is separate and distinct, rewarded by the subtraction of up to six months from the inmate's fixed sentence.

Admittedly, Renfroe has not been a paragon of successful parole. However, that is also an issue that is separate and distinct from the issues of credit for good behavior and credit for educational self-improvement. As contemplated by Indiana Code Section 35–50–6–1(c), each time his parole was revoked, he was reimprisoned and served more time, minus good time credit earned after the revocation. He does not now petition us seeking the application of good time credit earned before the revocation, but rather seeking DOC recognition of the effect of his GED diploma: namely, that his fixed sentence should be reduced from three years to two and one-half years, and that as a result, he has completed his fixed term and should not be compelled to serve any more time, either in prison or on parole, for the original 1995 conviction.

### Conclusion

Because the post-conviction court erroneously failed to recognize the application of Indiana Code Section 35–50–6–3.3(b)(1) and the precedent of this court and our supreme court, we reverse its decision and remand for further proceedings to deter-

mine the proper expiration date of his fixed term.

Reversed and remanded.

BAILEY, J., and RILEY, J., concur.