**INDIANA DEPARTMENT OF CORRECTION, Appellant– Respondent,**

v.

**Charles H. BOGUS, Appellee– Petitioner.**

**No. 67A04–0103–PC–90.**

Court of Appeals of Indiana.

Aug. 9, 2001.

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Charles H. Bogus, Putnamville, IN, Appellee Pro Se.

## OPINION

ROBB, Judge.

Charles H. Bogus petitioned for post-conviction relief, and the post-conviction court ordered that the credit time he earned for obtaining two college degrees be applied to reduce his sentence. The Indiana Department of Correction (the "DOC") appeals this grant of post-conviction relief. We reverse and remand.

### Issue

The DOC presents a single issue for our review: whether credit time awarded for receiving academic degrees while incarcerated should be applied to reduce the sentence or to determine the release date.

### Facts and Procedural History

In 1989, Bogus was sentenced to twenty years' incarceration. While incarcerated, Bogus received an associate's degree in March of 1997 and a bachelor's degree in June of 1998.[1] He had served nine years of his sentence when he was released to parole in June of 1998. His parole was subsequently revoked, and he was ordered to serve the remaining eleven years of his sentence. When Bogus' parole was revoked on January 27, 2000, DOC records showed that his projected date of release to parole was October 12, 2004, and his projected maximum release date was October 18, 2009.

Bogus filed a petition for post-conviction relief, alleging that his educational credit time should be applied "to reduce his fixed term from 20 year[s] to 17 years." Brief of Appellee at 19 ("Verified Petition for Post–Conviction Relief"). Bogus asked that the post-conviction court order the DOC to calculate his projected release dates based upon a seventeen-year sentence rather than a twenty-year sentence.

---

1. The State alleges in its facts that Bogus received the associate's degree in May of 1996 and the bachelor's degree in May of 1998. However, Bogus in his brief alleges that he received those degrees in March of 1997 and June of 1998, respectively, and the DOC records appended to his brief support those dates. Thus, we have used those dates for which we have independent support, although the dates are not crucial to the outcome of the case.

The post-conviction court agreed, citing *Rodgers v. State*, 705 N.E.2d 1039 (Ind.Ct. App.1999) and *Renfroe v. Parke*, 736 N.E.2d 797 (Ind.Ct.App.2000), and ordered that the DOC show that Bogus' sentence "is reduced by three years by reason of credit time earned for receiving college degrees." Appendix to Brief of Appellant at A–5. In accordance with the post-conviction court's order, the DOC recalculated Bogus' projected date of release as April 15, 2003. The DOC now appeals.

*Discussion and Decision*

### I. Standard of Review

 When the State appeals an award of post-conviction relief, we apply the standard of review prescribed in Indiana Trial Rule 52(A) which states that we will "not set aside the findings or judgment unless clearly erroneous." *State v. Bowens*, 722 N.E.2d 368, 369 (Ind.Ct.App. 2000). Therefore, we will neither reweigh the evidence nor judge the credibility of witnesses, and will only consider the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* The judgment of the post-conviction court will be affirmed if "there is any way the [post-conviction] court could have reached its decision." *Id.* (quoting *Spranger v. State*, 650 N.E.2d 1117, 1120 (Ind.1995)).

### II. Educational Credit Time

Bogus earned both an associate's degree and a bachelor's degree while he was incarcerated prior to being paroled. The question presented by this case is how the credit time he earned for those degrees should be applied now that his parole has been revoked.

Indiana Code section 35–50–6–3.3, as it was written at the time Bogus received his degrees, provided that:

(a) In addition to any credit time a person earns under [Indiana Code section 35–50–3–3] and in addition to any reduction of sentence a person receives under [Indiana Code section] 35–38–1–23, a person earns credit time if the person:

(1) Is in credit Class I;

(2) Has demonstrated a pattern consistent with rehabilitation; and

(3) Successfully completes requirements to obtain one (1) of the following:

\* \* \*

(C) An associate's degree from an approved institution of higher learning . . . .

(D) A bachelor's degree from an approved institution of higher learning . . . .

\* \* \*

(c) Credit time earned by a person under this section is subtracted from the period of imprisonment imposed on the person by the sentencing court.

(d) A person does not earn credit time under subsection (a) unless the person completes at least a portion of the degree requirements after June 30, 1993.

The post-conviction court's order reads, in pertinent part, as follows:

3. Bogus was sentenced to a term of 20 years effective in 1989.

4. Bogus received both an associates [sic] degree and a bachelors [sic] degree before being released to parole.

5. After his parole was revoked, the Parole Board ordered that Bogus serve the remainder of his 20–year sentence.

6. The Department of Correction does not reduce the sentence by credit time awarded for educational achievement and did not do so for Bogus.

7. The Department only applies the credit time toward determining the date of release to parole.

8. Thus, Bogus had his remaining time after revocation of parole computed on the basis of the original sentence and not the original fixed term minus the amount of credit time that has been awarded for education.

9. Based on the decisions in *Rodgers v. State*, 705 N.E.2d 1039 (Ind.Ct.App. 1999) and *Renfroe v. [P]arke*, 736 N.E.2d 797 (Ind.Ct.App.2000), petitioner is entitled to the relief he seeks.

\* \* \*

... It is further ORDERED and DE-CREED that the Department of Correction show on its records and in calculating the dates of release to parole and discharge from the sentence that the sentence of Charles H. Bogus is reduced by three years by reason of credit time earned for receiving college degrees.

Appendix to the Brief of Appellant at A–4—A–5.

The post-conviction court relied on *Rodgers v. State* and *Renfroe v. Parke* in making its determination that Bogus was entitled to have the education credit deducted from his fixed sentence. In *Rodgers*, the defendant earned a GED while in a community corrections program but had already been released to probation when he petitioned to have the applicable educational credit time applied. He subsequently violated his probation twice. The trial court denied his petition, and the State urged on appeal that the trial court was correct because: 1) the defendant was on probation when he requested the credit and Indiana Code section 35–50–6–6 precludes a person from earning credit time while on probation; and 2) the defendant twice violated his probation after earning his GED, thus failing to show that he had demonstrated a pattern consistent with re-habilitation as required by Indiana Code section 35–50–6–3.3. This court held that a person who earns one of the enumerated education degrees while in a community corrections program is entitled to the applicable educational credit time regardless of when he requests it, and that because such educational credit time accrues immediately upon the completion of the degree, subsequent violations of parole or probation cannot be used to deprive him of the credit. 705 N.E.2d at 1041–42. Thus, we reversed the trial court's denial of his petition for credit and remanded with instructions for his sentence to be credited with the six months' educational credit time to which he was entitled. *Id.* at 1042. Because *Rodgers* addressed the issue of educational credit time in the context of probation and did not squarely address the issue of whether the educational credit time should be subtracted from the fixed term of the defendant's sentence or merely credited toward his release, we find *Rodgers* to be inapposite to the case herein. It neither supports nor refutes the post-conviction court's decision.

In *Renfroe*, another panel of this court addressed the effect of educational credit time on the fixed term of imprisonment. The defendant therein was sentenced to three years, and during his imprisonment, received his GED. Because of the timing of the award of his GED and the credit time he had already earned, he was credited with twenty-five days of the six months' educational credit time to which he was entitled and immediately released. He was declared delinquent the next day, was returned to the DOC, and was eventually ordered to serve the remainder of his three-year term. The defendant petitioned for post-conviction relief, claiming that the DOC failed to include the balance of the six-month educational credit when it calculated his earliest possible release date

and his maximum release date. The post-conviction court denied the petition, and the defendant appealed. This court held that immediately upon the date an inmate earns an educational degree described in section 35–50–6–3.3, the fixed term of imprisonment should be reduced by the appropriate amount of educational credit time. 736 N.E.2d at 800. Thus, we reversed and remanded for his release dates to be re-calculated on the basis of a two and one-half year sentence, rather than the original three year sentence.

■ Based upon the following analysis, we are compelled to disagree with *Renfroe* to the extent that case holds that the educational credit time should be deducted from the fixed term of imprisonment. Rather, we read the phrase "in addition to any credit time" as used in section 35–50–6–3.3 to mean that educational credit time should be treated as any other credit time, although it is a separate class of credit time that does not displace, but is to be added to, any other credit time the defendant earns. *See Miller v. Walker,* 655 N.E.2d 47, 49 (Ind.1995) (" 'In addition to' means that the educational credit does not supplant any good time credit already earned.").

■ Credit time generally is applied to determine a defendant's release date from prison, but does not reduce the sentence itself. *See id.* at 48 n. 3. In *Boyd v. Broglin,* 519 N.E.2d 541 (Ind.1988), our supreme court discussed the impact of credit time on a defendant's sentence. Therein, the court stated that credit time "is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which the felony offender will be discharged." *Id.* at 542.

Pursuant to Indiana Code section 35–50–6–1, a felon is released to parole when he has completed his fixed term of imprisonment less the credit time he has earned. However, he remains on parole until the expiration of his fixed term, until discharged by the Indiana Parole Board, or for a period of two years,[2] whichever first occurs, unless his parole is revoked in the interim. Ind.Code § 35–50–6–1(a), (b). If his parole is not revoked, then at the expiration of the appropriate time, he shall be discharged. Ind.Code § 35–50–6–1(b). Because the legislature has clearly distinguished between those who are discharged from their sentence and those who are released to parole, credit time must be interpreted merely as a means to obtain an early release to parole, or the concept of parole would be rendered meaningless. *Boyd,* 519 N.E.2d at 543. *Boyd* noted that "[i]f credit time were to act as a diminution of the sentence, there could be no parole period as created by Ind.Code § 35–50–6–1. Once a prisoner had served his sentence minus credit time, the sentence would be discharged and the state would have no hold over the prisoner." *Id.* at 543. Rather, Indiana Code section 35–50–6–1 provides that "[a] person whose parole is revoked shall be imprisoned for the remainder of his fixed term." Ind.Code § 35–50–6–1(c). Thus, although credit time can get a defendant out of prison in fewer months or years than his actual sentence, if he violates his parole during the parole period, the balance of the actual sentence still remains to be served. So, too, should educational credit time be treated.

We also read "period of imprisonment" as used in Indiana Code section 35–50–6–3.3(c) to be analogous to the executed por-

---

**2.** When *Boyd* was written, the statute provided that a person should be released on parole for a period not to exceed one year. In all other significant respects, the statute then read as it does today.

tion of the sentence, rather than the whole fixed term of the sentence. In other sections of Indiana Code chapter 35–50–6, the term "fixed term of imprisonment" is employed. *See* Ind.Code §§ 35–50–6–1, 35–50–6–2. Had the legislature intended for educational credit time to be deducted from the fixed term, it would have so indicated. The fact that the relevant statute reads that the educational credit time is to be subtracted from the "period of imprisonment" rather than from the "fixed term of imprisonment" is significant. Thus, we hold that educational credit time is more akin to the suspended portion of a sentence, which affects when a defendant is released, but does not alter the fixed sentence itself.

Having determined that educational credit time should be applied only to determine a defendant's release date, we turn to the appropriate allocation of educational credit time in Bogus' specific case. Bogus was imprisoned on June 6, 1989 for a fixed term of imprisonment of twenty years. When he earned his associate's degree on March 11, 1997, Bogus had served 2,825 days and had earned 2,825 days credit time. The associate's degree earned him an additional 365 days of educational credit time. His release date was therefore advanced from June 6, 1999 [3] to December 5, 1998. When he earned his bachelor's degree on June 3, 1998, he had served an additional 449 days and earned 449 days credit time. He was entitled to as many as 730 days educational credit time; however, due to the timing of his degree,

applying only 370 of those 730 days of educational credit time entitled him to immediate release. He was released to parole on June 3, 1998, after having served nine actual years, and was thereafter to remain on parole for two years. However, his parole was revoked on February 9, 1999, prior to the expiration of the two years. Therefore, he was to be imprisoned for the remainder of his fixed term, or approximately eleven years. This is how the DOC originally applied Bogus' educational credit time and this was the correct application of that time.

■ We acknowledge that Bogus never received the remaining 360 days of educational credit time attributable to his bachelor's degree. However, this was merely a matter of timing. Had he received the degree earlier in his incarceration, or had his sentence been longer, he would have received the entire 730 days of educational credit time. However, · because of the timing of his degree, he was entitled to immediate release upon application of only 370 of those days, and he therefore received the full benefit of the educational credit time by being released to parole.[4] Theoretically, Bogus could have been discharged from his sentence after two years of violation-free living outside of incarceration, and there would have been no further sentence against which to credit the 360 days. Because one cannot earn credit time while on parole, Ind.Code § 35–50–6–6, the remaining 360 days are simply "lost." [5]

---

3. This date assumed that Bogus would remain in Credit Class I and earn one day credit time for each day he actually served.

4. *Boyd* also addressed the defendant's contention that revoking his parole and ordering him to serve the remainder of his fixed term of imprisonment violated Indiana Code section 35–50–6–5, which states that the "violation of a condition of parole or probation may

not be the basis for deprivation [of credit time]." The supreme court noted that the defendant received the benefit of his earned credit time when he was released to parole and he was not, therefore, deprived of his earned credit time. 519 N.E.2d at 543.

5. In *Rodgers*, this court held that the DOC should credit the defendant's sentence after his probation was revoked with the six

The post-conviction court erred in ordering that the DOC subtract from Bogus' fixed twenty-year sentence the three years of educational credit time which he had earned. The DOC had properly applied the educational credit time to determine the date of Bogus' release to parole at the time he earned the degrees, and he was so released. Upon revocation of Bogus' parole, he is not entitled to any further benefit from the educational credit time. We therefore reverse the post-conviction court's order which found otherwise. Because we do not know if Bogus' status has changed in the interim between the post-conviction court's order and this opinion, we remand for re-calculation of Bogus' earliest possible release date and his maximum release date.

### Conclusion

The post-conviction court erred as a matter of law in finding that Bogus' educational credit time should be subtracted from the fixed term of his sentence. We therefore reverse the post-conviction court's order granting post-conviction relief to Bogus and remand with instructions for the DOC to re-calculate Bogus' release dates consistent with this opinion.

Reversed and remanded.

BROOK, J., and VAIDIK, J., concur.

months' educational credit time attributable to the GED he earned before being released to probation. However, in *Rodgers*, the defendant had not received the benefit of *any* educational credit time because he had not petitioned for the time until after he had already been released to probation. Because that is an entirely different circumstance of timing, we do not believe that the decision herein is inconsistent with *Rodgers* in that respect.