**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RUDY J. SMITH**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RUDY J. SMITH,                          )
                                        )
    Appellant-Petitioner,           )
                                        )
         vs.                )     No. 53A04-1202-PC-280
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Respondent.            )

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Kenneth G. Todd, Judge
Cause No. 53C03-1010-PC-2680

**January 29, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Rudy Smith appeals the denial of his petition for post-conviction relief. We affirm.

## Issue

Smith raises three issues, which we consolidate and restate as whether the post-conviction court properly denied his request for credit time.

## Facts

In 2005, Smith was sentenced to eight years, with one year executed and seven years suspended, for Class B felony dealing in cocaine and Class D felony resisting law enforcement. Smith was also sentenced to five years probation. At sentencing, Smith was credited for the sixteen days he was in jail awaiting trial and the 182 days he was on pretrial home detention. Smith was required to serve 150 additional days of home detention to fulfill his original executed sentence. Prior to the 2005 sentencing, Smith began a substance abuse program as a condition of probation. Smith successfully completed this program in 2006.

On March 21, 2009, while on probation following his home detention, Smith was alleged to have violated probation by committing the new offense of dealing in cocaine. On September 2, 2009, Smith admitted to the alleged violation and was ordered to serve five years of his previously suspended sentence.

On September 22, 2011, Smith filed an amended petition for post-conviction relief asserting that he was entitled to credit time for time served on house arrest in 2005 and 2006 and for his 2006 completion of a substance abuse program. On January 20, 2012,

after a hearing, the post-conviction court denied the petition, concluding that Smith had already been credited for all of the time served on home detention and that he was not statutorily entitled to credit time for the substance abuse program he completed in 2006. Smith now appeals.

**Analysis**

Smith argues that he was improperly denied credit for time served on home detention and for his completion of a substance abuse program. Generally, the completion of the direct appeal process closes the door to a criminal defendant's claims of error in conviction or sentencing. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009). However, defendants whose appeals have been rejected are allowed to raise a narrow set of claims through a petition for post-conviction relief. Id. (citing Ind. Post-Conviction Rule 1(1)). A post-conviction court must make findings of fact and conclusions of law on all issues presented in the petition. Id. (citing P-C.R. 1(6)). The findings must be supported by the facts, and the conclusions must be supported by the law. Id. "Our review on appeal is limited to these findings and conclusions." Id.

The petitioner bears the burden of proof, and an unsuccessful petitioner appeals from a negative judgment. Id. A petitioner appealing from a negative judgment must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Id. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. Id.

Smith argues that the denial of credit for his time served on home detention in 2005 and 2006 is clearly erroneous.[1] Smith relies on Purcell v. State, 721 N.E.2d 220, 223-24 (Ind. 1999), Dishroon v. State, 722 N.E.2d 385, 388-89 (Ind. Ct. App. 2000), superseded by statute, and Stith v. State, 766 N.E.2d 1266, 1268 (Ind. Ct. App. 2002), which held in various contexts that an individual is entitled to credit toward his or her sentence for time served on home detention. These cases are distinguishable, however, because unlike Purcell, Dishroon, and Stith, Smith received credit for the time he served on home detention in 2005 and 2006 toward his original one-year executed sentence. Nothing in these cases stands for the proposition that time served on home detention should be credited toward a defendant's original sentence and then again toward the sentence imposed following a violation of probation. Smith has not established that the post-conviction court's denial of additional credit time was clearly erroneous.

Smith also asserts that he was entitled to 180 days of additional credit time for successfully completing a substance abuse program in 2006. Indiana Code Section 35-50-6-3.3(b)(3)(B) allows a person to earn credit time if, "while confined by the department of correction," the person is in credit Class I, demonstrates a pattern consistent with rehabilitation, and successfully completes the requirements to obtain a

---

[1] To the extent the prosecutor generally agreed that Smith was entitled to credit for the time served on home detention at the post-conviction relief hearing, we do not believe the prosecutor intended to concede that Smith was entitled to credit toward his original sentence and to credit toward the sentence imposed following his violation of probation for the same time served on home detention. Similarly, we do not believe that the post-conviction court's observation during the hearing that there might be less of a question regarding the credit for home detention was an oral pronouncement of its ruling where it went on to state, "I'll take a look at it and I'll issue an order." Tr. p. 7. The post-conviction court properly considered the arguments made at the hearing in light of the credit time Smith actually received for his home detention when it denied his petition.

certificate of completion of a substance abuse program approved by the department of correction. At the hearing, Smith acknowledged that he was on home detention and not in the department of correction when he completed the program. As such, we cannot conclude that he was "confined by the department of correction" when he completed the program. Ind. Code § 35-50-6-3.3(b).

To the extent he relies on Rodgers v. State, 705 N.E.2d 1039, 1042 (Ind. Ct. App. 1999), for the proposition "an inmate earns the right to credit time under the education credit statute when the inmate successfully completes the requirements for the degree as long as the inmate has, until that point, demonstrated a pattern consistent with rehabilitation." Rodgers, however, is distinguishable for a variety of reasons. First, the statutes at issue in Rodgers have been amended, and Smith provides no analysis of those changes. Second, Rodgers earned the credit time while in a regional corrections work release program, not while on home detention. Finally, nothing in Rodgers suggests that a person should be able to "bank" credit time to be used toward some future probation revocation. To the contrary, the court observed that Rodgers's "entitlement to the education credit time accrued immediately upon his completion of the degree." Rodgers, 705 N.E.2d at 1043. Accordingly, Smith has not shown that the post-conviction court erroneously denied him credit for his 2006 completion of a substance abuse program while on home detention.

## Conclusion

Smith has not established that the post-conviction court improperly denied his petition. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.