

FILED

May 23 2017, 5:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Cory Pollard
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cory Pollard, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff.* | May 23, 2017 Court of Appeals Case No. 36A01-1603-CR-659 Appeal from the Jackson Circuit Court The Honorable William E. Vance, Judge Trial Court Cause No. 36C01-0306-FA-21 |

**Barnes, Judge.**

## Case Summary

[1]     Cory Pollard appeals the trial court's denial of his motion for educational credit time.  We affirm.

## Issue

The sole issue Pollard raises is whether the trial court properly denied his motion for educational credit time.

## Facts

On June 30, 2003, Pollard was charged with Class A felony dealing in cocaine. He pled guilty to the charge on November 9, 2005. On January 27, 2006, he was sentenced to twenty years executed in the Department of Correction (DOC), with 896 days of credit time for time served and 896 days of good time credit.[1]

From January 2008 to December 16, 2011, while serving his sentence at the Branchville Correctional Facility, Pollard pursued a Bachelor of Science degree. He completed the requirements and received his degree on December 16, 2011. Per Indiana Code Section 35-50-6-3.3(d)(4), the amount of credit time Pollard could earn for obtaining his bachelor's degree was two years (730 days). Subsection (j) of the statute provided, however, that earned credit time could not reduce an inmate's sentence to less than forty-five days. Ind. Code § 35-50-6-3.3(j).

On January 13, 2012, Pollard submitted his Bachelor of Science educational credit request to the correctional facility. His request was denied on January

---

[1] The trial court amended the sentencing order several times to accurately reflect Pollard's credit time. *See* Supp. App. Vol. II pp. 5-7.

17, 2012, because his earliest projected release date from the correctional facility was within forty-five days of his request for educational credit. On January 24, 2012, Pollard was released to parole.

[6] Pollard's parole was revoked on or about December 5, 2013, for a violation of parole rules, and he was reincarcerated. On May 8, 2014, he submitted to the correctional facility a second request for educational credit for obtaining his Bachelor of Science degree. Pollard's request was denied on May 12, 2014. A letter issued by the DOC Director of Education explained that the request was denied because Pollard "did not complete the Bachelor of Science degree during [his] current period of incarceration and it was denied previously, [sic] one cannot bank away time for future periods of incarceration. Therefore, the Education Division [of the DOC] cannot offer you any relief in this matter." Supp. App. Vol. II p. 23.

[7] On February 24, 2016, Pollard filed with the trial court a pro se motion for educational credit based on the completion of his bachelor's degree. He requested that two years (730 days) of credit time be subtracted from the earliest projected release date for his reincarceration. On March 2, 2016, the trial court denied his motion. Pollard now appeals.

## Analysis

[8] Pollard argues that the trial court erred when it denied his motion for educational credit for a bachelor's degree he earned when he was originally incarcerated for his conviction for dealing in cocaine. According to Pollard,

730 days of credit time should be applied to the time he must serve due to a parole violation because the credit time was earned "under the same commitment and cause he is now serving." Appellant's Br. p. 5. We disagree.

[9] Pollard's motion for educational credit time was governed by Indiana Code Section 35-50-6-3.3 (2011). *See Stevens v. State,* 895 N.E.2d 418, 419 (Ind. Ct. App. 2008). A motion under that statute is treated as a petition for post-conviction relief under Indiana Post–Conviction Rule 1. *Id.* A petitioner seeking post-conviction relief must establish the grounds for relief by a preponderance of the evidence. *Sander v. State,* 816 N.E.2d 75, 76 (Ind. Ct. App. 2004). On appeal from the denial of relief, the petitioner must convince us that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* We will reverse the denial of relief only if the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached the opposite conclusion. *Id.*

[10] At the time Pollard earned his educational credit, Indiana Code Section 35-50-6-3.3(a) provided:

> a person earns credit time if the person:
>
> (1) is in credit Class I;
>
> (2) has demonstrated a pattern consistent with rehabilitation; and
>
> (3) successfully completes requirements to obtain one (1) of the following: . . .

(D) A bachelor's degree from an approved postsecondary educational institution (as defined under IC 21-7-13-6(a)).

Subsection (j) of the statute provided: "[t]he amount of credit time earned under this section is reduced to the extent that application of the credit time would otherwise result in: (1) postconviction release (as defined in IC 35-40-4-6); . . . in less than forty-five (45) days after the person earns the credit time." Ind. Code § 35-50-6-3.3(j).[2]

[11] Pollard's argument, essentially, is that the 730 days of educational credit he earned during his incarceration for the dealing in cocaine conviction should be applied to reduce the time he must serve for the parole violation. Pollard bases his argument on *Rodgers v. State,* 705 N.E.2d 1039, 1042 (Ind. Ct. App. 1999), and the proposition that an inmate's entitlement to educational credit time accrues immediately upon his or her completion of the degree, regardless of subsequent parole violations or parole status.

[12] In *Rodgers*, the defendant completed the requirements for earning a GED while serving his sentence in a community corrections program. Rodgers twice violated his probation after being released on home detention. When his probation was revoked, he applied for educational credit. The trial court denied the credit. The State argued on appeal that the trial court was correct because:

---

[2] Subsections (a)(3)(D) and (j) of Ind. Code § 35-50-6-3.3 have since been amended. *See* Ind. Code § 35-50-6-3.3 (2016).

1) Rodgers was on probation when he requested the credit and Indiana Code Section 35-50-6-6 precluded a person from earning credit time while on probation; and 2) Rodgers twice violated his probation after earning his GED, thus failing to show that he had demonstrated a pattern consistent with rehabilitation as required by Indiana Code Section 35-50-6-3.3. This court concluded that, at the time Rodgers violated his probation, he already had earned the credit time for his GED. Therefore, the trial court could not deny him the credit based on his subsequent probation violations, and the probation violations could not be used as evidence of his failure to demonstrate a pattern consistent with rehabilitation. *Id*.

[13] *Rodgers* is distinguishable from the instant case. Unlike Rodgers, Pollard was not denied the educational credit because of his parole violation. Pollard earned the credit; however, the credit could not be applied to reduce his sentence for dealing in cocaine because he earned the credit within forty-five days of his release date. Ind. Code § 35-50-6-3.3(j). Had he obtained his degree earlier, or if the time remaining until his release date had been longer, some or all of the credit earned could have been applied to his earlier incarceration. Nothing, however, in *Rodgers* suggests that Pollard should be able to "bank" credit time to be used toward a future incarceration due to a parole violation. To the contrary, this court observed that Rodgers's "entitlement to the education credit time accrued immediately upon his completion of the degree." *Rodgers*, 705 N.E.2d at 1042; *see* Ind. Code § 35-50-6-1(c) (providing that "[a] person whose parole is revoked shall be imprisoned for all or part of the

remainder of the person's fixed term . . . less the credit time the person has earned since the revocation"); *see also Randolph v. Buss*, 956 N.E.2d 38, 41 (Ind. Ct. App. 2011) (holding that petitioner was not entitled to unused educational credit time upon revocation of parole), *trans. denied*. Pollard has not shown that the trial court erred when it declined to apply the educational credit time earned for his 2011 completion of a bachelor's degree to his reincarceration for a parole violation.

## Conclusion

[14] The trial court properly denied Pollard's motion for educational credit time. We affirm.

[15] Affirmed.

Kirsch, J., and Robb, J., concur.