## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 30 2020, 8:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Jonathan L. Hummel
Westville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonathan L. Hummel, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 30, 2020 <br><br> Court of Appeals Case No. 20A-CR-775 <br><br> Appeal from the Starke Circuit Court <br><br> The Honorable Kim Hall, Judge <br><br> Trial Court Cause No. 75C01-1112-FA-16 |

**Pyle, Judge.**

# Statement of the Case

Jonathan Hummel ("Hummel"), pro se, appeals the trial court's denial of his motion to correct error. Concluding that the trial court did not abuse its discretion by denying Hummel's motion, we affirm the trial court's judgment.

We affirm.

# Issue

> Whether the trial court abused its discretion by denying Hummel's motion to correct error.

# Facts[1]

In April 2012, in cause number 75C01-1112-FA-16 ("Cause FA-16"), Hummel pled guilty to Class A felony dealing in a narcotic drug; Class B felony robbery; Class B felony aiding, inducing, or causing robbery; and Class D felony criminal mischief in exchange for the dismissal of a Class D felony resisting law

---

[1] We note that our review of this appeal has been somewhat hampered by the sparse record presented to this Court. Because Hummel's Appendix includes only some of the pleadings filed in this case, we have culled some of the preliminary facts of this case from the chronological case summary ("CCS") included in Hummel's Appendix and from an opinion in a prior appeal involving Hummel. *See Hummel v. State*, 110 N.E.3d 423 (Ind. Ct. App. 2018). The State cites to facts contained within pleadings in the CCS from Hummel's underlying criminal cause that it obtained from the online resource of mycase.in.gov. The State did not, however, include these pleadings in an Appellee's Appendix, *see* Ind. Appellate Rule 50(B)(2), nor did it request for this Court to take judicial notice of the pleadings. *See* Ind. Evid. R. 201. Nevertheless, we will take judicial notice of the records and pleadings filed in Hummel's underlying cause so that we may set out the relevant procedural facts that led to this appeal. Lastly, we note that Hummel included a copy of the transcript in his Appendix. "Because the Transcript is transmitted to the Court on Appeal pursuant to [Appellate] Rule 12(B), [an appellant] should not reproduce any portion of the Transcript in the Appendix." App. R. 50(F).

enforcement charge and the dismissal of other pending cases against him.[2]  The Honorable Kim Hall ("Judge Hall" or "the trial court") was the presiding judge in Cause FA-16 and continues to be so at the time of this appeal.  In May 2012, the trial court imposed an aggregate thirty-one and one-half (31½) year sentence "as agreed in the plea agreement."[3]  *Hummel v. State*, 110 N.E.3d 423, 425 (Ind. Ct. App. 2018).

[4]  Thereafter, Hummel filed pro se motions seeking to have his sentences run concurrently.  The trial court denied the motions, noting that his plea agreement set forth his sentencing and that the trial court had no discretion to run his sentence concurrently.

[5]  Hummel later filed a pro se post-conviction petition in cause number 75C01-1512-PC-4 ("Cause PC-4").  A special judge was appointed to preside over Hummel's post-conviction proceeding.  In February 2017, the special judge held an evidentiary hearing on Hummel's post-conviction petition.  When Hummel requested to be placed on purposeful incarceration, the State had "no objection, and the parties agree[d] to modify the terms of the plea agreement" in exchange for the dismissal of Hummel's post-conviction petition.  (App. Vol. 2 at 18).  The special judge initially accepted the parties' agreement and

---

[2] The plea agreement is not contained in Hummel's Appendix.

[3] The trial court imposed a twenty (20) year sentence for Hummel's Class A felony conviction, ten (10) years for both of his Class B felony convictions, and a one and one-half (1½) year sentence for his Class D felony conviction.  The trial court ordered the two Class B felony sentences to run concurrently to each other and consecutively to the Class A felony sentence, and it ordered the Class D felony sentence to be served consecutively to the remaining sentences.

dismissed Hummel's post-conviction petition. However, less than an hour later, the special judge informed the parties that he did not have authority to accept the agreement that modified the sentence in the underlying criminal Cause FA-16 because he had been appointed to preside only over the post-conviction case. The special judge then revoked his acceptance of the parties' agreement and reinstated Hummel's post-conviction case.

[6] Hummel then appealed the special judge's revocation of the parties' agreement, arguing that the special judge in the post-conviction proceeding had authority to accept the parties' agreement that modified his original sentence. In September 2018, this Court held that the special judge "had authority to accept the agreement between the State and Hummel" and that "the State [wa]s bound by the terms of that agreement." *Hummel*, 110 N.E.3d at 428. We, therefore, remanded the case to the special judge "to re-enter its original order enforcing the parties' agreement and dismissing Hummel's PCR petition." *Id.* at 429.

[7] Thereafter, on December 21, 2018, the parties filed an "Agreed Sentence Modification" ("Agreed Sentence Modification"). (App. Vol. 2 at 2). This Agreed Sentence Modification provided in relevant part, as follows:

> 3. Since [Hummel's] incarceration in the Indiana Department of Correction, [he] had participated in and successfully completed a wide variety of programs in an attempt to rehabilitate himself.

> 4. [Hummel] contacted the Starke County Prosecutor's Office and requested a modification of sentence. The State has agreed to modify the sentence in the following way:

a.  The sentence in Count V [Class D felony criminal mischief] will now be served concurrently with the other counts.

b.  The final five years of [Hummel's] incarceration may[]be served on work release or home detention depending on which program will accept him when he reaches the final stages of his incarceration. [Hummel] will make all arrangements and provide proof to the Court of his acceptance before being released to begin that phase of his sentence. This results in a thirty[-]year incarceration with the final five years of [his] sentence on Community Corrections.

c.  This modification will occur based on his overall sentence not on the sentence with good time credit included in the calculation.

d.  As part of this agreed modification[,] [Hummel] will withdraw his pending Petition for Post-Conviction Relief . . . .

(App. Vol. 2 at 2-3).[4]

[8]   That same day, the special judge entered an order granting the modification of Hummel's sentence as set out in the parties' Agreed Sentence Modification. The special judge also issued an amended abstract of judgment for the sentence modification in Cause FA-16. Specifically, the special judge made the sentence

_____

[4] The parties filed the Agreed Sentence Modification under Cause FA-16.

for criminal mischief in Count V concurrent to the remaining counts and included a verbatim recitation of the language contained in subsections (b) and (c) of the Agreed Sentence Modification.[5]  The special judge, however, did not mark on this amended abstract that Hummel was eligible for purposeful incarceration.  Thereafter, the court sent the amended abstract of judgment to the Indiana Department of Correction ("DOC").

[9]  Thereafter, Hummel filed various motions in his underlying criminal cause. Apparently, Hummel filed these motions and addressed them to the special judge from his post-conviction case.  The special judge, however, was no longer presiding since Hummel's post-conviction petition in Cause PC-4 had been dismissed.  In May 2019, Judge Hall issued an order clarifying that he was still the presiding judge over Hummel's underlying criminal cause in Cause FA-16.

[10]  Hummel continued to file various letters and motions, including a motion for concurrent sentences and petitions to be directly placed in community corrections.  Ultimately, on February 6, 2020, Hummel sent the trial court a letter, which the trial court treated as a motion.  Hummel stated that he should be, but was not, in purposeful incarceration, and he directed the trial court's attention to this Court's 2018 opinion in which this Court remanded the case

---

[5] The language from the two subsections was included as a comment in the Judge's Recommendation section of the abstract of judgment.

with instructions for the special judge to accept the parties' agreement regarding purposeful incarceration.

[11] On February 11, 2020, the trial court issued an order modifying Hummel's sentencing order to include purposeful incarceration. The trial court's order recited the procedural history regarding Hummel's post-conviction proceeding and Hummel's agreement with the State that his sentence would include purposeful incarceration. Noting that the special judge had failed to include the purposeful incarceration notation in the amended abstract of judgment, the trial court ordered that Hummel's abstract of judgment be amended to include purposeful incarceration. The trial court's order also indicated that the trial court would otherwise consider a sentence modification upon Hummel's successful completion of a DOC-approved treatment program of purposeful incarceration. The trial court sent the amended abstract of judgment to the DOC.

[12] On February 27, 2020, the trial court held a sentence status hearing. Hummel appeared pro se and telephonically for the hearing.[6] During the hearing, the trial court noted that there had been some "confusing circumstances" with Hummel's post-conviction case, the special judge, and the parties' agreements in that case. (Tr. Vol. 2 at 4). The trial court again clarified that the post-

---

[6] The telephonic portion of the hearing was not transcribed due to some technical difficulties, but the trial court made a record of what had been discussed during the telephone hearing and that transcript was filed with this Court.

conviction case in Cause PC-4 had been dismissed and that the special judge was not involved in Cause FA-16. The trial court stated that it was "making sure that the criminal court and the judge for this criminal case, recognize[d] and honor[ed] the modification that came to this criminal case, from the special judge in the PCR case." (Tr. Vol. 2 at 7). The trial court specifically stated that it had reviewed the agreements and modifications between Hummel and the State. The trial court noted that it had already added purposeful incarceration to Hummel's amended abstract of judgment, and it recognized that the State had agreed: (1) to reduce Hummel's aggregate sentence by one and one-half years to thirty years; and (2) that the last five years of that thirty-year sentence could be served in a work release or home detention program, depending on where he might be accepted. The parties evidently discussed the potential dates of when Hummel's time in the DOC would end and when his ability to participate in a work release or home detention program would begin. Hummel apparently told the trial court that he had received some "time cuts" from the DOC and suggested that his incarceration at the DOC should end prior to his requirement to serve the twenty-five-year executed time as set out in his agreement. (Tr. Vol. 2 at 5). The trial court explained that Hummel's time in the DOC would end after twenty-five years and that, with "day-for-day credit[,]" meant twelve and one-half years of incarceration in the DOC, which would "put him into the year 2024 before he would be considered to be transferred from the DOC to a community corrections program." (Tr. Vol. 2 at 5).

[13]     Aside from the agreements stemming from Hummel's post-conviction case in Cause PC-4, the trial court and Hummel also apparently discussed whether Hummel's sentence could be otherwise modified upon the completion of a purposeful incarceration program. The trial court noted that Hummel had indicated that he had completed educational and rehabilitative programs that qualified for purposeful incarceration. The trial court instructed Hummel that he needed to "provide some documentation" before the trial court would "recognize anything that he's done to qualify him for modification, based on purposeful incarceration." (Tr. Vol. 2 at 6).

[14]     That same day, the trial court issued an "Order of Clarification[.]" (App. Vol. 2 at 10). The trial court noted that it was "now fully informed" of the procedural history in Cause PC-4 and Cause FA-16, and it ordered that its prior February 11, 2020 order "should be modified to include the changes to [Hummel's] sentence as set forth in the Agreed Sentence Modification Order entered on December 21, 2018, and to include Purposeful Incarceration." (App. Vol. 2 at 10). The trial court also explained that "[u]pon successful completion of the clinically appropriate substance abuse treatment program as determined by IDOC, or an alternative program that satisfies the definition of 'Purposeful Incarceration', the Court w[ould] consider a modification to these sentences *prior to* [Hummel] serving twenty-five (25) years of the total thirty (30) year sentence, from the date of the original Sentencing Order, May 17, 2012, together with good time credit, to-wit: day for day." (App. Vol. 2 at 12) (emphasis added).

[15] On March 2, 2020, Hummel filed a motion to correct error. Hummel argued that "[n]ow this matter has been clarified that the State and Hummel agreed to purposeful incarceration and an agreed sentence modification[,] the court should proceed to modify Jonathan Hummel's sentence accordingly[.]" (App. Vol. 2 at 7). In Hummel's prayer for relief, he asked the trial court to forward a new abstract of judgment to the DOC. At the bottom of his motion, Hummel included a handwritten note, indicating that he was in the process of gathering information to show that he had completed a purposeful incarceration program. The trial court denied Hummel's motion to correct error, noting that "[a]fter the last hearing, the court agreed to modify the sentence in the manner requested in this motion to correct errors" and that "[t]herefore, this motion is moot." (App. Vol. 2 at 7). Hummel now appeals.[7]

## Decision

[16] Hummel argues that the trial court abused its discretion by denying his motion to correct error. "We review a trial court's denial of [a] motion to correct error for an abuse of discretion, reversing only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

---

[7] This Court initially granted the State's motion to dismiss this appeal but then reinstated the appeal upon Hummel's petition for rehearing.

[17]     At the outset, we note that Hummel has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.* "We will not become a party's advocate, nor will we address arguments that are inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

[18]     This appeal stems from Hummel's request for the trial court in Cause FA-16 to apply the agreements made in Hummel's post-conviction Cause PC-4 that ultimately modified his sentence in Cause FA-16. This appeal was specifically precipitated by Hummel's February 2020 letter, which the trial court treated as a motion, in which Hummel sought to have the trial court amend the abstract of judgment in Cause FA-16 to reflect that Hummel was to be placed in purposeful incarceration. The trial court granted Hummel's purposeful incarceration motion, amended the abstract of judgment, and sent it to the DOC. Due to the convoluted procedural intertwining that existed between Cause FA-16 and Cause PC-4, the trial court held a sentence status hearing to ensure that the modification agreements made in Cause PC-4, including the purposeful incarceration agreement and the Agreed Sentence Modification, would be "recognize[d] and honor[ed]" in Cause FA-16. (Tr. Vol. 2 at 7). Hummel then filed a motion to correct error, stating that "[n]ow this matter has

been clarified that the State and Hummel agreed to purposeful incarceration and an agreed sentence modification[,] the court should proceed to modify Jonathan Hummel's sentence accordingly[.]" (App. Vol. 2 at 7). In Hummel's prayer for relief, he asked the trial court to forward a new abstract of judgment to the DOC. The trial court denied Hummel's motion to correct error, noting that the motion was "moot" because the trial court had already provided the relief sought. (App. Vol. 2 at 7).

[19] We agree that Hummel's motion to correct error was moot. "[W]hen we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result." *Sainvil v. State*, 51 N.E.3d 337, 342 (Ind. Ct. App. 2016) (citations omitted), *trans denied*. Because the trial court had already provided the relief Hummel sought in his motion to correct error, we conclude that the trial court did not abuse its discretion by denying Hummel's motion to correct error.

[20] Hummel, however, attempts to raise issues not contained in his purposeful incarceration motion or his motion to correct error. His remaining arguments appear to relate to the date that he will potentially begin a community corrections program of either work release or home detention and the duration that he will have to serve in such a program. Hummel contends that the trial court is "trying to deny [him] of his Community Corrections sentence" because the trial court indicated that any community corrections program would begin after Hummel serves the executed portion of his sentence as set out in the

parties' agreement. Hummel argues that he should receive educational credit time under INDIANA CODE § 35-50-6-3.3, which he contends would make him eligible to begin community corrections earlier and would entitle him to serve only two and one-half years in a community corrections program "when that time comes[.]" (Hummel's Br. 10). Hummel suggests that "[t]his matter could simply be cleared up with a phone call to [the former prosecutor who entered into the Agreed Sentence Modification]." (Hummel's Br. 6).

[21] We will not review these arguments for multiple reasons. First, Hummel has waived the arguments because he did not raise these arguments to the trial court in his purposeful incarceration motion or his motion to correct error. *See Flowers v. State*, 154 N.E.3d 854, 868 (Ind. Ct. App. 2020) (explaining that an issue not raised before the trial court is waived for appellate review). Additionally, Hummel's arguments are not ripe. "Ripeness relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities . . . and are capable of being adjudicated on an adequately developed record." *Indiana Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind. 1994). A court may not review an issue that is not ripe. *Garau Germano, P.C. v. Robertson*, 133 N.E.3d 161, 167 (Ind. Ct. App. 2019), *reh'g denied*, *trans. denied*. "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 168 (internal quotation marks and citations omitted). Here, Hummel is not appealing from the trial court's denial of a motion for credit time. Indeed, the record before us does not reveal that

Hummel has filed such a motion.[8]  Because Hummel is arguing about abstract or contingent future events, his arguments are not ripe for review at this time.

[22]     Affirmed.

Vaidik, J., and Brown, J., concur.

---

[8] We note that any request for educational credit time under INDIANA CODE § 35-50-6-3.3 would be treated as a petition for relief under Post-Conviction Rule 1.  *See Pollard v. State*, 78 N.E.3d 663, 664 (Ind. Ct. App. 2017).