**Paul BOYD, Appellant**
**(Petitioner below),**

v.

**G. Michael BROGLIN, Superintendent,**
**Westville Correctional Center, Appellee**
**(Respondent below).**

No. 46S00–8604–CR–372.

Supreme Court of Indiana.

Feb. 23, 1988.

Susan K. Carpenter, Public Defender, Kathleen A. LeSeur, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Sabra A. Weliever, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner–Appellant Paul Boyd, Jr., pleaded guilty to one count of Child Molesting, a class C felony, pursuant to a plea agreement and in exchange for the dismissal of two counts of Child Molesting, class B felonies. He was sentenced to seven (7) years with the Department of Correction. Boyd was later paroled, having served 3½ years of his sentence, and having accrued 3½ years of credit time under Ind.Code § 35–50–6–3(a). After three months, the Indiana Parole Board issued a Warrant for Retaking Paroled Offender. After a hearing, the Indiana Parole Board found Boyd had violated the terms of his parole by failing to participate in mental health counseling. The board ordered Boyd's parole revoked and returned him to the Westville Correctional Center to serve the remainder of his seven year sentence. On November 26, 1986, Boyd was again mandatorily released to Parole. Boyd filed his *pro se* Verified Application for Writ of Habeas Corpus (hereinafter "petition") in the La-Porte Circuit Court. Finding the petition failed to state a cause of action, the court denied the petition. Boyd's *pro se* Motion to Correct Errors was also denied. Boyd appeals directly to this court raising solely the issue of whether the trial court erred in denying his petition for failure to state a cause of action.

Boyd argues his petition should not have been summarily dismissed. He asserts petitions should only be dismissed if they raise no genuine issue of a constitutional nature, nor specific facts sufficient to sustain the petition if proved. Boyd's petition alleges his re-incarceration pursuant to a finding of a parole violation denied him his constitutional right to due process of law (a) by depriving him of 3½ years of credit time and (b) by causing him to serve a sentence greater than that for which he plea bargained. Boyd claims his Memorandum of Facts and Argument in Support, filed with the petition, provides the court with the facts and authorities necessary to sustain his petition, if proved.

Boyd relies on *Dotson v. State* (1972), 258 Ind. 581, 282 N.E.2d 812 and Ind.Code § 35–50–6–5(a) as authority for his belief that this deprived him of due process. In *Dotson*, the court dealt with the predecessor to our current credit time statute. Under the earlier statute, Ind.Code § 11–7–6–1 (Burns 1956) (repealed 1974), credit time was used as a diminution of the determinate sentence. Parole was only applicable to indeterminate sentences. The sentencing and credit time scheme discussed in *Dotson* was repealed in 1974 and thus, *Dotson* does not support Boyd's claim.

The issue here is one of statutory construction of Indiana's credit time statute. Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged. Further, release on parole is distinguished from discharge. *See* Ind.Code §§ 11–13–3–1 et seq. and 35–50–6–1 et seq. A felon serving a sentence which was imposed under Ind.Code § 35–50–1–1 et seq. is released on parole, or to the sentencing court if the sentence includes a period of proba-

tion, after service of his fixed term less the credit time earned with respect to that term. Ind.Code § 35–50–6–1(a). A person serving a sentence for a misdemeanor which sentence was imposed under Ind. Code § 35–50–1–1 et seq. is discharged after service of his fixed term less the credit time he has earned with respect to that term. Ind.Code § 35–50–6–2; Ind.Code § 11–13–3–2(b)(4). A person sentenced under a statute other than Ind.Code § 35–50–1–1 et seq. is on parole until the expiration of that sentence unless earlier discharged by the Indiana Parole Board. Ind.Code § 11–13–3–5(a). A felon sentenced under Ind.Code § 35–50–1–1 et seq. is on parole until the expiration of his fixed term, until discharged by action of the Indiana Parole Board, or for a period of one year, whichever event first occurs, unless the Indiana Parole Board revokes the parole. Ind.Code § 35–50–6–1(b). Because the statutes distinguish between those who are discharged and those who are released on parole, the legislative intent is clear that credit time is applied only toward the date of release on parole for felons and does not diminish the fixed term. A felon who has served his fixed term of imprisonment less the credit time that he has earned with respect to that term is, by operation of law, on parole and is not discharged until and unless the Indiana Parole Board acts to discharge him. That discharge must take place no later than one year after the date of release on parole unless the Board acts to revoke the parole prior to discharge. Ind.Code § 35–50–6–1(b).

Boyd argues he was deprived of his earned credit time by the parole board's revocation of his parole in violation of Ind. Code § 35–50–6–5(a), which provides:

A person may, with respect to the same transaction, be deprived of any part of the credit time he has earned for violation of one or more rules of the department of correction or, if he is not committed to the department, one or more rules of the penal facility in which he is imprisoned. However, the violation of a condition of parole or probation may not be the basis for deprivation. Whenever a person is deprived of credit time, he may also be reassigned to class II or class III.

However, Boyd was not deprived of his earned credit time. Boyd received the benefit of his earned credit time when he was released to parole. Because he had earned credit time, he was entitled to be, and was, released on parole after having only served 3½ years of a 7 year sentence. However, he remained on parole and he remains obligated to the State of Indiana for the remainder of his 7 year sentence until the parole board acts to discharge him from that sentence. After Boyd violated the terms of his parole, his parole was revoked and he was returned to the Westville Correctional Center to serve the remainder of his fixed term pursuant to Ind.Code § 35–50–6–1(c). Boyd had not served a year on parole and therefore he was not entitled to a mandatory discharge at the time the board revoked his parole.

To interpret the credit time statute any other way would render the concept of parole meaningless. If credit time acted as a diminution of the sentence, there could be no parole period as created by Ind.Code § 35–50–6–1. Once a prisoner had served his sentence minus credit time, the sentence would be discharged and the state would have no hold over the prisoner. There would be no means by which a prisoner could be reimprisoned after a revocation of parole. There would be no need for statutes like Ind.Code § 35–50–6–6, which provides for a prisoner's credit time class assignment upon revocation. Thus, the legislature clearly provided that credit time be given to felons as a means to obtain an early release on parole. Boyd received the benefit of his earned credit time when he was released on parole after having served 3½ years of his 7 year sentence. He remained obligated to the State until either his fixed term expired, he successfully completed one year on parole, or the parole board acted to discharge him. Since his parole was revoked prior to any of these occurrences, he was properly in the custody of the Respondent at the time his petition for writ of habeas corpus was denied. The trial court correctly noted these cir-

cumstances and properly denied the petition.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.