## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 18 2017, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Paul J. Pacheco
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Paul J. Pacheco,

*Appellant-Petitioner,*

v.

Keith Butts, Superintendent of the New Castle Correctional Facility,

*Appellee-Respondent*

July 18, 2017

Court of Appeals Case No.
33A01-1702-MI-395

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1611-MI-115

**Crone, Judge.**

## Case Summary

Paul J. Pacheco, pro se, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. Finding dismissal proper as a matter of law, we affirm.

## Facts and Procedural History

On December 17, 2013, Pacheco was convicted of child molesting and sentenced to eight years' imprisonment, or 2922 days. While imprisoned, he accrued 1246 of credit for actual time served, 1246 days of good time credit as a Class I offender, and 215 days of educational credit time.[1] In sum, Pacheco earned 1461 days of credit time in addition to his credit for actual time served. Accordingly, he was released on parole on March 3, 2016, after serving only 1246 days of his sentence.

After 160 days on parole, on August 10, 2016, Pacheco was arrested on a warrant for violating his parole. On September 15, 2016, Pacheco was found guilty of violating his parole and ordered to serve the remainder of his sentence in prison. At the time Pacheco was arrested, he had 1516 days remaining on his sentence. His current projected release date is now September 6, 2018,

---

[1] For defendants who committed their offense before July 1, 2014, Indiana Code Section 35-50-6-3(b) provides in relevant part that "[a] person assigned to Class I earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing."

based on the assumption that he will serve only half the remaining time on his sentence.

[4]     On November 16, 2016, Pacheco filed a pro se petition for writ of habeas corpus in the Henry Circuit Court challenging the calculation of his credit time and requesting immediate discharge from incarceration. Pacheco named Keith Butts, the Superintendent of the New Castle Correctional Facility, as the respondent. Specifically, Pacheco claimed that his actual time served plus his good time credit and educational credit totaled 2922 days, which is the full term of his eight-year sentence. Thus, he argued, he had completed service of his sentence and was entitled to immediate discharge as of March 3, 2016. He further argued that it was unlawful for the State to place him on parole at that time due to his status as a sex offender.

[5]     Butts filed a motion for summary disposition, stating that the petition should be treated as a petition for postconviction relief and summarily disposed of, or in the alternative, that the trial court should dismiss the petition pursuant to Indiana Trial Rule 12(B)(6) without a hearing. Butts argued that credit time is used only to calculate an offender's early release on parole and that it does not reduce the fixed term of imprisonment imposed by the trial court. Pacheco responded with a cross-motion for summary disposition. Accordingly, the trial court treated the petition as one for postconviction relief and entered its order summarily dismissing the petition on February 7, 2017. The court concluded that Pacheco had already received the benefit of his credit time when he was released on parole, that his new release date of September 6, 2018, was

accurate, and that he was not entitled to immediate discharge. This appeal ensued.

## Discussion and Decision

[6] We begin by noting that although Pacheco called his petition a writ of habeas corpus, it appears that because his petition alleged that his credit time entitled him to immediate release from incarceration, he could have alternatively filed for relief under the postconviction rules. *See Samuels v. State*, 849 N.E.2d 689, 691 (Ind. Ct. App. 2006), *trans. denied*; *see also* Ind. Code § 34-25.5-1-1 ("Every person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal."); Ind. Post-Conviction Rule 1 (1)(a)(5) (providing that a person "who has been convicted of, or sentenced for, a crime … who claims that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or restraint … may institute at any time a proceeding under this Rule to secure relief."). In considering Pacheco's petition, the trial court treated the petition as one for postconviction relief and entered a summary disposition. *See* Ind. Post-Conviction Rule 1(4)(g). Pacheco does not challenge the trial court's decision to construe his petition as one for postconviction relief. Where as here, neither party claims that the trial court erred by treating a writ of habeas corpus as a petition for postconviction relief, we will proceed to address the merits of the case. *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006).

Our supreme court has explained our standard of review as follows:

> An appellate court reviews the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a motion for summary judgment. Thus[,] summary disposition, like summary judgment, is a matter for appellate *de novo* determination when the determinative issue is a matter of law, not fact.

*Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008).

Indiana Code Section 35-50-6-1(d) provides in relevant part, "[w]hen a sex offender (as defined in IC 11-8-8-4.5) completes the sex offender's fixed term of imprisonment, less credit time earned with respect to that term, the sex offender shall be placed on parole for not more than ten (10) years." An offender "released on parole remains on parole from the date of release until the person's fixed term expires, unless the person's parole is revoked or the person is discharged from that term by the parole board." Ind. Code § 35-50-6-1(b). An offender "whose parole is revoked shall be imprisoned for all or part of the remainder of the person's fixed term." Ind. Code § 35-50-6-1(c).

In asserting his entitlement to immediate discharge, Pacheco argued that his accrued time (1246 days), good time credit (1461 days), and educational credit (215 days) equaled 2922 days, the entirety of his fixed term of imprisonment. Thus, he claims that he was entitled to immediate discharge as of March 3, 2016, rather than release on parole because he "had no time remaining on his sentence." Reply Br. at 4. He is mistaken. It is well settled that credit time does not reduce a defendant's sentence; instead, all credit time is subtracted

from the defendant's release date. *Randolph v. Buss*, 956 N.E.2d 38, 41 (Ind. Ct. App. 2011) (citing *Miller v. Walker*, 655 N.E.2d 47, 48 n.3 (Ind. 1995)), *trans. denied.* Release on parole is distinguished from discharge after service of a fixed term. *Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988). In other words, credit time is earned toward release on parole, and it does not diminish the fixed term imposed by the sentencing court or affect the date on which a felony offender will be discharged. *Id.*

[10] Contrary to Pacheco's assertion, he was not entitled to immediate discharge as of March 3, 2016, rather than being released to parole. Pacheco's credit time was applied to permit him to be released on parole after serving only half his eight-year sentence. When his parole was revoked, he was properly assessed the amount of the fixed term which remained on his sentence, or 1516 days.[2] His new projected release to parole date was calculated as September 6, 2018, which presumes that, as a Class I offender, he will serve only half that remaining time due to newly earned credit time. We conclude that Pacheco was not and is not entitled to immediate discharge.

[11] Pacheco further maintains that the Indiana Department of Correction ("IDOC") was prohibited from releasing him on parole in the first place because he is a convicted sex offender. To support his argument, Pacheco relies on Indiana Code Section 11-10-8-2(b)(2), which provides that sex offenders are

---

[2] Pacheco had accrued time served of 1406 days (1246 days served prior to his release on parole and 160 days served on parole).

not eligible to participate in certain minimum security release programs provided by the IDOC. Pacheco appears to conflate parole with certain correctional services and programs provided to offenders who are still in the custody of the IDOC. Pacheco directs us to no relevant statutory authority, as there is none, that prohibited him from being released on parole even though he is a convicted sex offender. We affirm the trial court's order summarily dismissing Pacheco's petition.[3]

[12] Affirmed.

Baker, J., and Barnes, J., concur.

---

[3] On June 19, 2017, Pacheco submitted "Additional Information" to this Court in an attempt to raise an additional issue that was never presented to the trial court nor addressed in his appellant's brief or reply brief. Thus, we decline to address the issue. *See Chupp v. State*, 830 N.E.2d 119, 125 (Ind. Ct. App. 2005) (defendant forfeited right to raise additional issue that was available but not addressed in appellant's brief or reply brief); *see also Koons v. State*, 771 N.E.2d 685, 691-92 (Ind. Ct. App. 2002) (failure to raise issue before trial court waives right to raise issue on appeal), *trans. denied*.