## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2018, 10:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Derrick Harris
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Andrea E. Rahman
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick Harris,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>State of Indiana, et al.,<br>*Appellee-Defendant* | December 7, 2018<br><br>Court of Appeals Case No.<br>18A-MI-865<br><br>Appeal from the Putnam Superior Court<br><br>The Honorable Charles D. Bridges, Judge<br><br>Trial Court Cause No.<br>67D01-1801-MI-05 |

**Baker, Judge.**

[1] Derrick Harris appeals the Putnam Superior Court's entry of summary judgment for the State on his petition for writ of habeas corpus, arguing that the Delaware Circuit Court—the court of his conviction—miscalculated and misapplied his credit time. Finding that the Putnam Superior Court should have transferred the case to the Delaware Circuit Court, we reverse and remand with instructions.

# Facts[1]

[2] On March 19, 2002, in cause number 48D01-0109-CF-432 (Cause Number CF-432), Harris pleaded guilty to several felonies in Madison County. He received

---

[1] As discussed below, we decline to reach the merits of Harris's appeal, but we nonetheless will briefly address Indiana's credit time rules, thereby making the sequence of Harris's sentences easier to understand. We have described the effect of credit time on a sentence as follows:

> Credit time generally is applied to determine a defendant's release date from prison, but does not reduce the sentence itself. *See* [*Miller v. Walker*, 655 N.E.2d 47, 48 n.3 (Ind. 1995)]. In *Boyd v. Broglin*, 519 N.E.2d 541 (Ind. 1988), our supreme court discussed the impact of credit time on a defendant's sentence. Therein, the court stated that credit time "is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which the felony offender will be discharged." *Id.* at 542. Pursuant to Indiana Code section 35-50-6-1, a felon is released to parole when he has completed his fixed term of imprisonment less the credit time he has earned. However, he remains on parole until the expiration of his fixed term, until discharged by the Indiana Parole Board, or for a period of two years,[ ] whichever first occurs, unless his parole is revoked in the interim. Ind. Code § 35-50-6-1(a), (b). If his parole is not revoked, then at the expiration of the appropriate time, he shall be discharged. Ind. Code § 35-50-6-1(b). Because the legislature has clearly distinguished between those who are discharged from their sentence and those who are released to parole, credit time must be interpreted merely as a means to obtain an early release to parole, or the concept of parole would be rendered meaningless. *Boyd*, 519 N.E.2d at 543. *Boyd* noted that "[i]f credit time were to act as a diminution of the sentence, there could be no parole period as created by Ind. Code § 35-50-6-1. Once a prisoner had served his sentence minus credit time, the sentence would be discharged and the state would have no hold over the prisoner." *Id.* at 543. . . . Thus, although credit time can get a defendant out of prison in fewer months or years than his

an aggregate sentence of ten years, with two years executed and eight years suspended to probation. In March 2009, the trial court found that Harris had violated his probation and ordered that he serve the balance of his previously suspended sentence in the Department of Correction. Harris served his time, and on February 24, 2012, he was released from prison and began a one-year parole term that was scheduled to end on February 24, 2013.

[3] On February 11, 2013, Harris was arrested and charged with several new offenses in Delaware County, which were initially filed under one cause number but later transferred to cause number 18C03-1405-FC-20 (Cause Number FC-20). While Harris was in jail for these charges, on February 12, 2013, a warrant for Harris was issued for a parole violation. On February 19, 2013, the trial court in Cause Number CF-432 approved a probable cause affidavit for arrest without a warrant based on the alleged parole violation. On March 21, 2013, a preliminary probable cause hearing took place in Cause Number CF-432 to determine whether probable cause existed to conduct a parole board hearing for Harris regarding his parole violation. During the hearing, Harris admitted that new criminal charges had been filed against him. The parole board ultimately decided to await the final disposition of Harris's

---

actual sentence, if he violates his parole during the parole period, the balance of the actual sentence still remains to be served. . . .

*Ind. Dep't of Corr. v. Bogus*, 754 N.E.2d 27, 31 (Ind. Ct. App. 2001) (footnote omitted), *superseded on other grounds as stated in Randolph v. Buss*, 956 N.E.2d 38 (Ind. Ct. App. 2011).

pending charges under Cause Number FC-20 before making any decision regarding his parole in Cause Number CF-432. Harris remained in jail in Delaware County while being held on the parole violation warrant and while awaiting trial for Cause Number FC-20.

[4] Harris's sentence under Cause Number CF-432 was discharged on December 9, 2014. At that point, he was no longer being held on the parole violation warrant, but he remained in jail from December 10, 2014, through January 16, 2015, for his charges under Cause Number FC-20. He was on home detention under Cause Number FC-20 from February 27, 2015, through September 14, 2015.

[5] Then, on September 14, 2015, Harris pleaded guilty to Class C felony causing death when operating a motor vehicle while intoxicated under Cause Number FC-20; he was sentenced to eight years executed, to be served consecutively to his sentence under Cause Number CF-432. The Delaware Circuit Court granted Harris credit for the 38 days he served in jail from December 10, 2014, through January 16, 2015, and for the 124 days he served on pre-trial home detention before July 1, 2015, pursuant to Indiana Code section 35-50-6-8(b) (2015). In sum, the Delaware Circuit Court granted Harris a credit of 162 days served plus a credit of 162 days of good time, for a total credit of 324 days under Cause Number FC-20.

[6] On January 22, 2018, Harris filed an amended petition for writ of habeas corpus and a 1983 due process right violation in Putnam County, where he was

incarcerated, claiming that the Delaware Circuit Court had miscalculated and misapplied his credit time and that he had been denied due process because he did not have a hearing on what he believed was the revocation of his parole. On February 26, 2018, the State filed a motion for summary judgment, arguing that Harris received the credit time to which he was entitled and that because his parole had not been revoked, he had not been denied due process. On March 9, 2018, Harris filed a response to the State's motion for summary judgment. On March 20, 2018, the Putnam Superior Court granted the State's motion.[2] Harris now appeals.

## Discussion and Decision

[7] Harris raises several issues on appeal, which we restate generally as whether the Putnam Superior Court erred by granting summary judgment in favor of the State. Specifically, Harris asserts that the Delaware Circuit Court should have awarded him credit time for the time he was incarcerated for his parole hold under Cause Number CF-432—from February 11, 2013, through December 9, 2014—to the sentence he received under Cause Number FC-20.

[8] Indiana Code section 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the restraint if the restraint is illegal." A writ of habeas corpus serves "to bring the

---

[2] The appealed order is not in the record.

person in custody before the court for inquiry into the cause of restraint."
*Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds as stated in Paul v. State*, 888 N.E.2d 818 (Ind. Ct. App. 2008). "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)).

[9]     A petitioner may not file a writ of habeas corpus to attack his conviction or sentence. *Partlow*, 756 N.E.2d at 980. Instead, a petitioner attacking the validity of his conviction or sentence must file a petition for post-conviction relief in the court of conviction, not in the court of incarceration. *Id.* However, where, as here, a petitioner files a habeas corpus petition challenging the validity of his conviction or sentence in the county of incarceration, Indiana Post-Conviction Rule 1(1)(c) provides that such habeas corpus petition is to be transferred to the court of conviction and then treated as a petition for post-conviction relief. Specifically, the rule states that:

> This Rule does not suspend the writ of habeas corpus, but if a person applies for a writ of habeas corpus in the county where the person is incarcerated and challenges the validity of his conviction or sentence, that court shall transfer the cause to the court in which the conviction took place, and the latter court shall treat it as a petition for relief under this Rule.

P-C.R. 1(1)(c).

[10]     Here, Harris's habeas petition alleged that the Delaware Circuit Court miscalculated and misapplied his credit time under Cause Number FC-20. In

other words, Harris is challenging the validity of his sentence in Cause Number FC-20. Accordingly, the Putnam Superior Court was required to transfer Harris's petition to the Delaware Circuit Court, which was Harris's court of conviction.

[11] Because Harris filed his petition in a court that was not the court of his conviction, we decline to review Harris's arguments in this appeal. We reverse the Putnam Superior Court's grant of summary judgment to the State and remand with instructions to transfer Harris's petition to the Delaware Circuit Court, where it shall be considered on the merits.

[12] The judgment of the trial court is reversed and remanded.

May, J., and Robb, J., concur.