## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2020, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Frederick A. Young
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Frederick A. Young, <br> *Appellant-Petitioner*, <br><br> v. <br><br> Mark Sevier, Indiana Parole Board, <br> *Appellees-Respondents*. | August 25, 2020 <br><br> Court of Appeals Case No. 20A-MI-239 <br><br> Appeal from the Henry Circuit Court <br><br> The Honorable Kit C. Crane, Judge <br><br> Trial Court Cause No. 33C02-1911-MI-197 |

**Brown, Judge.**

[1] Frederick A. Young appeals the trial court's denial of his motion to correct error following the denial of his petition for writ of habeas corpus. We affirm.

*Facts and Procedural History*

[2] On November 19, 2004, Young was sentenced to thirty-five years for child molesting as a class A felony[1] under cause number 84D03-0410-FA-2757. On February 26, 2017, Young was released on parole. Young signed State Form 23, a conditional parole release agreement, which listed parole regulations and stated in part: "I do hereby agree to abide by the following terms and conditions of parole as established by the Department of Correction and promulgated by the Indiana Parole Board pursuant to IC 11-9-1-2; IC 11-13-3-4; IC 35-50-6-1." Appellant's Appendix Volume II at 46. The agreement also stated: "I understand that any acts of omissions in violation of the terms and conditions of my parole will subject me to being taken into immediate custody by the Indiana Parole Board and initiation of proceedings for revocation of my parole." *Id.* Form 23 listed the date of maximum expiration of sentence as August 27, 2038. Young also signed State Form 49108, which was titled Parole Stipulations for Sex Offenders and listed certain stipulations.

[3] On May 3, 2017, a Warrant for Retaking Offender was issued alleging Young violated certain conditions of his release. On May 5, 2017, Young waived his

---

[1] The abstract of judgment cited Ind. Code § 35-42-4-3(a)(1), which at that time provided: "(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if: (1) it is committed by a person at least twenty-one (21) years of age . . . ."

right to a preliminary hearing and admitted that he violated his parole by having contact with minors, possessing personal contact materials, using a computer or electronic device, possessing or using alcohol or an illegal substance, and having an unapproved relationship. The Parole Board found Young guilty of violating his parole and ordered that he be assessed the balance of his sentence.

[4]     On November 4, 2019, Young filed a Class Action Petition for Writ of Habeas Corpus against Mark Sevier, the warden of New Castle Corrections, and the Indiana Parole Board (the "Defendants") in the Henry Circuit Court under cause number 33C02-1911-MI-197 ("Cause No. 197") asserting that State Forms 23 and 49108 were unconstitutionally vague and he and others were not provided notice they would lose all or part of their previously earned good time credits for violating any condition of their parole. On November 13, 2019, Young filed an Addendum to A Class Action Petition for Writ of Habeas Corpus. On November 21, 2019, he filed a Motion to Add to Class Action Petition for Writ of Habeas Corpus. On November 25, 2019, Michael Boggs filed a Motion to Add to Class Action Petition for Writ of Habeas Corpus under Cause No. 197.

[5]     On November 27, 2019, Defendants filed a Response in Opposition to Petitioners' Class Action Petition for Writ of Habeas Corpus. That same day, the court denied Young's petition. Specifically, the court's order states:

> The Court, having reviewed Young's petition, Defendants'
> Response, and supporting evidence, and being duly advised in

the premises, now **DENIES** Young's Petition for the following reasons:

1. Young's parole was revoked because he violated parole and since he plead guilty to a violation of his parole agreement. By pleading guilty, Young has given up the right to challenge the revocation of his parole.

2. Young claims that the State Form 23 – Parole Release Agreement and State Form 49108 – Parole Stipulations for Sex Offenders are unconstitutionally vague as he was not given notice that he would lose all or part of his previously earned good time credits for violating any condition of his parole. (Pet. Pp. 2-3.) This claim stems from a misunderstanding of credit time. It is well-established that credit time only determines when a prisoner is eligible for parole.

3. Thus, Petitioner's claim that he lost all or part of his credit time when he violated his parole is incorrect. (Pet. P. 3.) When a prisoner is released to parole, the prisoner is not deprived of his earned credit time. *Boyd v. Broglin*, 519 N.E.2d 541, 543 (Ind. 1988)[, *reh'g denied*]. Instead, when a prisoner is released to parole, the prisoner has "received the benefit of his earned credit time when he was released to parole." *Id.* So, State Form 23 – Parole Release Agreement and State Form 49108 – Parole Stipulations for Sex Offenders were not unconstitutionally vague. The forms were not required to explain to Young that he would lose his credit time because he would not lose his credit time.

4. Lastly, Young tries to bring this Petition as a class action. The Petition fails for two reasons: first, the Petition is being denied on substantive grounds, as explained above. Second, Young would not have met the necessary requirements of certifying a class, and the burden is on him to prove. *McCart v. Chief Executive Officer in Charge, Independent Federal Credit Union*, 652 N.E.2d 80, 83 (Ind. Ct. App. 1995)[, *reh'g denied*, *trans. denied*].

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** by the court that Young's petition for writ of habeas corpus relief is **DENIED**.

*Id.* at 58-59.

On December 18, 2019, Young filed a Motion for the Correction of Errors. On January 3, 2020, Young filed a motion titled: "Seek Leave To Amend Class Action Writ of Habeas Corpus." *Id.* at 77. On January 12, 2020, the court entered an order denying Young's motion to correct errors. The order states:

> This matter was originally before the court on a petition for writ of habeas corpus relief filed by petitioner Frederick Young, which the Court denied. Plaintiff Young then filed a Motion to Correct Error. Additionally, Plaintiffs William Jackson, Shawn Willett, and Donald Frye submitted their own motions.[2] Defendants, Mark Sevier and the Indiana Parole Board, by counsel, submitted their Response in Opposition.
>
> The Court, having reviewed these motions and Defendants' Response, and being duly advised in the premises, now **DENIES** Young's Petition for the following reasons:
>
> **Jackson, Willet, and Frye's Motions to Add**
>
> 1. Plaintiffs William Jackson, Shawn Willett, and Donald Frye have filed a "Motion to Add to Class Action Petition for Writ of Habeas Corpus." However, this Court denied Young's Petition and never certified a class action lawsuit. Thus, these "Motions"

---

[2] The record does not appear to contain motions filed by Jackson, Willett, or Frye. The trial court spells Willett as Willet in some places in its order.

are procedurally improper because this cause number belongs to Plaintiff Frederick Young.

2. Regardless, even if the Court considered these Motions to Add, they are denied on the substance of the Motion. Jackson, Willet, and Frye's claim that the State Form 23 – Parole Release Agreement and State Form 49108 – Parole Stipulations for Sex Offenders are unconstitutionally vague as he was not given notice that he would lose all or part of his previously earned good time credits for violating any condition of his parole. This claim stems from a misunderstanding of credit time. It is well-established that credit time only determines when a prisoner is eligible for parole.

3. Indiana courts have uniformly interpreted the statutory scheme to provide that credit time determines a prisoner's eligibility for parole and does not shorten or diminish the total sentence. A prisoner is discharged only when the parole board orders discharge as required by Indiana Code section 35-50-6-1(b). *Majors v. Broglin*, 531 N.E.2d 189, 190 (Ind. 1988); *Boyd v. Broglin*, 519 N.E.2d 541 (Ind. 1988)[, *reh'g denied*]; *State v. Mullins*, 647 N.E.2d 676 (Ind. Ct. App. 1995). "The credit time statute is only applied to determine when felons are eligible for parole." *Page v. State*, 517 N.E.2d 427, 430 (Ind. Ct. App. 1988)[, *trans. denied*]. The same issue was addressed in *Randolph v. Buss*, 956 N.E.2d [38] (Ind. Ct. App. 2011), *trans. denied*, in the context of credit time allowed under Indiana Code section 35-50-6-3.3 for completing educational programs. The Court of Appeals recently reiterated that credit time is applied to determine when to release to parole or probation and that the sentence is not hereby completed. *Hart v. State*, 889 N.E.2d 1266, 1272 (Ind. Ct. App. 2008). The Northern District of Indiana, in another context, has noted that the statute permits release of a paroled prisoner "prior to the expiration of his fixed term of imprisonment," *Greer v. Duckworth*, 555 F. Supp. 725, 729 (N.D. Ind. 1983), thus acknowledging that credit time does not

diminish the fixed term and parole does not equate with expiration of a sentence.

4. Thus, the Petitioners' claim that they lost all or part of [their] credit time when they violated their parole is incorrect. (Pet. p. 3.) When a prisoner is released to parole, the prisoner is not deprived of his earned credit time. *Boyd v. Broglin*, 519 N.E.2d 541, 543 (Ind. 1988)[, *reh'g denied*]. Instead, when a prisoner is released to parole, the prisoner has "received the benefit of his earned credit time when he was released to parole." *Id.* So, State Form 23 – Parole Release Agreement and State Form 49108 – Parole Stipulations for Sex Offenders are not unconstitutionally vague. The forms were not required to explain to Jackson, Willet, and Frye that they would lose their credit time because [they] would not lose [their] credit time.

5. For these reasons, William Jackson, Shawn Willett, and Donald Frye's "Motion to Add to Class Action Petition for Writ of Habeas Corpus" [is] **DENIED**.

## Young's Motion to Correct Error

6. Young also filed a Motion to Correct Error. The Court will address each of Young's arguments individually.

7. First, in Young's "Statement of the Issues I" and "Good Time Credits II", Young reiterates his misunderstanding of credit time, arguing that credit time entitles prisoners to an early release. But courts have clearly ruled against Young's interpretation, as stated above. "The credit time statute is only applied to determine when felons are eligible for parole." *Page*, 517 N.E.2d at 430. See also *Randolph*, 956 N.E.2d at [38], *trans. denied*; *Hart*, 889 N.E.2d at 1272. The case law could not be any clearer, and Young's interpretation is simply incorrect.

8. Next, in Young's "Void for Vagueness III" section, Young argues that the parole release documents must notify of what conduct would deprive parolees of their earned credit time. But

they do not lose credit time. Credit time determines when the prisoner is released on parole. Once on parole, the offender has gained the benefit of [his] credit time, not lost it. Young additionally adds the argument that Indiana Code § 35-50-6-1(d) [are] unconstitutionally vague. (Motion for Corrections of Error ¶ 13.) But a party may not raise an issue for the first time in a motion to correct error. *Yater v. Hancock County Bd. of Health*, 677 N.E.2d 526, 530 (Ind. Ct. App. 1997)[, *reh'g denied*.]

9. Young then claims that Defendants' counsel violated 210 IAC 1-6-2 and Indiana Code § 5-14-3-4 by serving Young's abstract of judgment to the other named inmates. But Young was the one that put this into play. Young attempted to name all these other offenders as Plaintiffs. Thus, under Indiana Rule of Trial Procedure 5, the Defendants must serve each party with every motion and brief submitted to the Court. Thus, it was Young's action of naming them as parties that required Defendants to serve this information upon them. Further, an Abstract of Judgment is a public court record and not confidential.

10. Lastly, Young argues that the Court should have certified the class action. But Young adds no new argument. And the Court noted when it denied Young's Petition, certifying the class would be futile: all claims are based on a misunderstanding of credit time.

It is therefore **ORDERED**, **ADJUGED** and **DECREED** by the Court that William Jackson, Shawn Willett, and Donald Frye's "Motion to Add to Class Action Petition for Writ of Habeas Corpus" are **DENIED**, and that Frederick Young's Motion to Correct Errors is **DENIED**, as is his January 3, [2]020 pleading entitled *Seek Leave to Amend Class Action Writ of Habeas Corpus*.

*Id.* at 79-82.

*Discussion*

[7] Before addressing Young's argument, we observe that although he is proceeding *pro se*, such litigants are held to the same standards as trained attorneys and are afforded no inherent leniency simply by virtue of being self-represented. *See Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). Young argues "State form 23 nor State form 49108, gives parolees clarity of how much previously earned credit time they would loss [sic] if they violated any conditions of their parole," and "[t]he forms are a standard boiler plate for every release prisoner to sign and do[] not clearly explain any forfeiture of any earned credit time." Appellant's Brief at 9. He asserts that "the violation of a parole condition cannot be used as grounds to deprive a parolee of previously earned credit time, nor may it be the basis for reassignment to a new credit class." *Id.* at 11 (citing Ind. Code §§ 35-50-6-4, -5(a)). He contends that "State form (23) and State form (49108), deprive[] a[] parolee all of [his] previously earned good time credits for any technical violation without any such 'Notice.'"[3] *Id.* at 12.

[8] Ind. Code § 34-25.5-1-1 provides that "[e]very person whose liberty is restrained, under any pretense whatever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered from the

___

[3] Young includes a footnote which states: "Parole Conditions are not categorized as major or minor offenses." Appellant's Brief at 12 n.2. He asserts that he is not challenging any aspect of parole violation or revocation of parole. He also does not challenge the trial court's order that he had not met the necessary requirements of certifying the petition as a class action.

restraint if the restraint is illegal." "The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of restraint." *Partlow v. Superintendent, Miami Corr. Facility*, 756 N.E.2d 978, 980 (Ind. Ct. App. 2001), *superseded by statute on other grounds*. "One is entitled to habeas corpus only if he is entitled to his immediate release from unlawful custody." *Id.* (quoting *Hawkins v. Jenkins*, 268 Ind. 137, 139, 374 N.E.2d 496, 498 (1978)). We review the trial court's habeas decision for an abuse of discretion. *Hardley v. State*, 893 N.E.2d 740, 742 (Ind. Ct. App. 2008). Without reweighing the evidence, this Court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom. *Id.*

[9] Once incarcerated, "prisoners begin accumulating additional credits which shorten the length of time they will be kept behind bars." *Miller v. Walker*, 655 N.E.2d 47, 48 (Ind. 1995); *see also* Ind. Code §§ 35-50-6-3 (credit time classes for a person convicted before July 1, 2014) and -4 (credit time assignments). "Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules." *Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988), *reh'g denied*. "It is earned toward *release on parole* for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged. Further, release on parole is distinguished from discharge." *Id.* (emphasis added). Credit time is applied to determine a defendant's release date from prison but does not reduce the sentence itself. *Miller*, 655 N.E.2d at 48 n.3.

[10] "When a sex offender (as defined in IC 11-8-8-4.5) completes the sex offender's fixed term of imprisonment, less credit time earned with respect to that term,

the sex offender shall be placed on parole for not more than ten (10) years."[4] When a person who is a sexually violent predator under IC 35-38-1-7.5 "completes the person's fixed term of imprisonment, less credit time earned with respect to that term, the person shall be placed on parole for the remainder of the person's life."[5] Ind. Code § 35-50-6-1(e). "A person whose parole is revoked shall be imprisoned for all or part of the remainder of the person's fixed term. However, the person shall again be released on parole when the person completes that remainder, less the credit time the person has earned since the revocation." Ind. Code § 35-50-6-1(c).

[11] We note that Young does not develop an argument or cite to the record to indicate what credit time he has earned. Further, the record reveals that Young was sentenced on November 19, 2004, to thirty-five years for child molesting as a class A felony with 448 days of jail time credit. Thus, Young effectively began his sentence on approximately August 29, 2003. Thirty-five years from that date is approximately August 29, 2038. As noted, credit time simply shortens a fixed executed sentence for release to parole, it does not reduce Young's thirty-five year sentence itself, which does not end until 2038. Accordingly, Young was not entitled to immediate release because his sentence

---

[4] Ind. Code § 11-8-8-4.5 defines a "sex offender" as "a person convicted of . . . [c]hild molesting (IC 35-42-4-3)."

[5] Ind. Code § 35-38-1-7.5 provides: "A person who: (1) being at least eighteen (18) years of age, commits an offense described in . . . IC 35-42-4-3 as a Class A or Class B felony (for a crime committed before July 1, 2014) . . . is a sexually violent predator." Young does not specifically assert whether he is a sex offender or a sexually violent predator.

has not expired. *See Harris v. State*, 836 N.E.2d 267, 282 (Ind. Ct. App. 2005) (rejecting petitioner's argument that the parole revocation improperly deprived him of his earned credit time and holding that "his early release does not mean that [he] had completed his sentence and was entitled to discharge" and that "[r]ather, the credit time statutes are only applied to determine when felons are eligible for parole"), *trans. denied*; *see also Boyd*, 519 N.E.2d at 543 (noting that the defendant received the benefit of earned credit time when he was released to parole and he was not, therefore, deprived of his earned credit time).

[12] For the foregoing reasons, we affirm the trial court's order.

[13] Affirmed.

Robb, J., and Crone, J., concur.