


FILED
Jun 05 2025, 9:02 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Alfred Williams Comer, Jr.,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 5, 2025

Court of Appeals Case No.
24A-CR-1832

Appeal from the Lake County Superior Court

The Honorable Kathleen A. Sullivan, Magistrate

Trial Court Cause No.
45G03-0302-MR-1

---

**Opinion by Judge DeBoer**
Judges Bailey and Vaidik concur.

**DeBoer, Judge.**

## Case Summary

[1] After a 2004 murder conviction, the trial court sentenced Alfred Williams Comer, Jr. to sixty years executed in the Indiana Department of Correction (DOC). The trial court's judgment of conviction and abstract of judgment gave Comer credit for the 688 days he was incarcerated before the Sentencing Order was entered, plus 688 days good time credit, for a total of 1,376 days credit. In 2024, Comer filed a Petition for Jail Time and Additional Good Time Jail Credit. In that motion, Comer argued that the trial court should have applied these credits to reduce his fixed term of imprisonment. The trial court denied his motion. Comer appeals, raising two issues which we consolidate and restate as whether the trial court abused its discretion by refusing to amend the judgment of conviction and abstract of judgment to show Comer's fixed term of imprisonment reduced by 1,376 days, instead of issuing credit.

[2] Finding no error, we affirm.

## Facts and Procedural History

[3] After a jury found Comer guilty of murder on November 4, 2004, the trial court sentenced him to sixty years executed in the DOC. The trial court's judgment of conviction included the following language:

> The defendant is given credit for six hundred eighty-eight (688) days jail time and six hundred eighty-eight (688) days good time

credit, for a total of one thousand three hundred seventy-six (1,376) days credit.

[4] Appellee's Appendix Vol. 2 at 3. Similarly, the DOC issued an abstract of judgment showing Comer had a sentence of sixty years and included the following language under "Additional comments and recommendations:"

> The defendant is entitled to <u>688</u> days of jail time credit plus <u>688</u> days of good time credit, for a total credit of <u>1,376</u> days.

[5] Appellant's Supplemental Appendix Vol. 2 at 26 (emphasis in original). In June 2024, while he was still incarcerated, Comer filed a document titled "Petition for Jail Time and Additional Good Time Jail Credit." He argued that the trial court failed to award him credit for his 688 days of incarceration before sentencing and his good time credit for those 688 days. The trial court denied Comer's request. Comer appeals.

## Discussion and Decision

[6] Comer argues that his 688 days of credit for time served before sentencing and 688 days of good time credit should have reduced his fixed term of imprisonment from sixty years to about fifty-six years. We disagree.

[7] The State correctly characterizes Comer's petition for jail time credit as a motion to correct sentence. An inmate who believes he has been erroneously sentenced may file a motion to correct his sentence pursuant to Indiana Code section 35-38-1-15, which states:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. . . . A motion to correct sentence must . . . specifically point[] out the defect in the original sentence.

[8] *See also Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). Such "a motion may only be filed to address a sentence that is 'erroneous on its face[,]'" as contained in the formal judgment of conviction. *Id.* at 1251 (quoting *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004)). "An allegation by an inmate that the trial court has not included credit time earned in its sentencing is the type of claim appropriately advanced by a motion to correct sentence."[1] *Id.* A trial court's decision on a motion to correct an erroneous sentence is reviewed for an abuse of discretion. *See Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.*

[9] A defendant is entitled to two types of credit when he is sentenced. *Credit for time served* is credit for the time the defendant spent in confinement before sentencing. *McAllister v. State*, 913 N.E.2d 778, 782 (Ind. Ct. App. 2009). Additional credit, *good time credit*,[2] can be earned for good behavior. *Purcell v.*

---

[1] Although nearly twenty years passed between Comer's sentencing and the filing of his motion, unlike a petition for post-conviction relief, a motion to correct sentence "may be filed at any time." *Robinson v. State*, 805 N.E.2d 783, 794 (Ind. 2004).

[2] Our Court has used *good time credit* interchangeably with *credit time*. For clarity's sake, in this opinion, we will only use *good time credit*.

*State*, 721 N.E.2d 220, 222 (Ind. 1999), *reh'g denied*.[3]  After sentencing, a trial court is required to prepare a judgment of conviction that includes both the person's credit for time served and good time credit earned during his or her presentence imprisonment.  I.C. § 35-38-3-2(b)(4);[4] *see Brown v. State*, 957 N.E.2d 666, 670 (Ind. Ct. App. 2011).

[10]  Comer takes issue with the trial court's judgment of conviction and the DOC's abstract of judgment.  He believes that both documents should reflect that his credit for time served and good time credit reduced his sentence.  *See* Appellant's Br. at 7 ("Comer['s] fixed term of 60 years should be reduce[d] by applying Comer['s] 1,376 days of [p]re-trial confinement[.]") (emphasis omitted).  We address each of these documents in turn.

[11]  Comer misunderstands the effect of the credit for time served and good time credit he earned before the trial court entered its judgment of conviction.  He argues these credits should have reduced his sixty-year sentence in the DOC to a fixed term of "about 56 years," and the trial court's judgment of conviction should be amended to reflect the adjustment.  Appellant's Br. at 5.  Comer is mistaken.

---

[3] Consistent with our Indiana Supreme Court's use of the terms in *Purcell*, we use the phrase "good time credit" to describe "the additional credit a prisoner receives for good behavior and educational attainment[,]" and the phrase "credit for time served" to refer to "the credit toward the sentence a prisoner receives for time actually served." *Purcell*, 721 N.E.2d at 222.

[4] This statute, along with the other statutes cited in this opinion, was also in effect at the time of Comer's sentencing in 2004.

[12] "A term of imprisonment begins on the date the sentence is imposed[.]" I.C. § 35-38-3-2(d). A defendant must serve this term of imprisonment, less credit for time served and good time credit earned, before he is released on parole. *See* I.C. § 35-50-6-1(a)(1); *see also Robinson*, 805 N.E.2d at 789. "[Good time credit] is a statutory reward for good behavior and is earned by felons toward release on parole, not toward reduction of the felon's fixed term of imprisonment or date of discharge from the felon's sentence." *Garrison v. Sevier*, 165 N.E.3d 996, 1000 (Ind. Ct. App. 2021) (citing *Boyd v. Broglin*, 519 N.E.2d 541, 542 (Ind. 1988), *reh'g denied*), *trans. denied*. In other words, "[good time credit] is applied to determine a defendant's release date from prison but *does not* reduce the sentence itself." *Willet v. State*, 151 N.E.3d 1274, 1279 (Ind. Ct. App. 2020) (citing *Miller v. Walker*, 655 N.E.2d 47, 48 n.3 (Ind. 1995)) (emphasis in original). After all, good time credit–including any earned before sentencing–is conditional based on the defendant's behavior and may be revoked. *See* I.C. § 35-50-6-5; *Robinson*, 805 N.E.2d at 792 (a trial court "determines a prisoner's [good time credit] . . . as of the time of sentencing. This [good time credit], however, is subject to modification thereafter by the [DOC] pursuant to statutory procedures.").

[13] The trial court's judgment of conviction awarded Comer 688 days credit for time served and 688 days of good time credit. This credit may impact Comer's release date, but the court need not amend the judgment of conviction to reflect a fixed term of imprisonment that is 1,376 days less than sixty years. Comer cites no authority, and we find none, to support his contention that trial courts

have a duty to show the reduction of a defendant's fixed term of imprisonment by the defendant's credit for time served or good time credit. Instead, trial courts have a statutory duty to include all credit for time served or good time credit earned before sentencing in its judgments of conviction. Reducing a fixed term of imprisonment would eliminate the need for good time credit. It would also be contrary to legislative intent, which was to provide that "[good time credit] be given to felons as a means to obtain an early release on parole[,]" not to reduce their sentences. *Boyd*, 519 N.E.2d at 543. Thus, the trial court did not abuse its discretion when it denied Comer's motion to correct sentence.[5]

[14]    Comer also argues that the trial court should amend the abstract of judgment to reflect the reduction of his fixed term of imprisonment. We disagree. An abstract of judgment is "a form issued by the [DOC] and completed by trial judges for the convenience of the Department." *Robinson*, 805 N.E.2d at 792. "[A] motion to correct sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment." *Id.* at 794. After all, a motion to correct sentence may only correct sentencing errors on the face of the judgment, not other documents. *Jackson v. State*, 806 N.E.2d 773, 774 (Ind. 2004). We note that the abstract of judgment awarded Comer the same amount

---

[5] Because Comer's dispute is with the trial court's judgment of conviction, rather than the DOC's application of Comer's credit, exhaustion of administrative remedies is not required.

of credit as the judgment of conviction. Since we find no error in the judgment of conviction, we also see no error with the abstract of judgment.

## Conclusion

[15] The trial court did not abuse its discretion by finding Comer already received credit for presentence incarceration and good time credit and was not entitled to any reduction in his fixed term of imprisonment.

[16] Affirmed.

Bailey, J., and Vaidik, J., concur.

APPELLANT PRO SE

Alfred Williams Comer, Jr.
Westville, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Courtney Leanne Staton
Deputy Attorney General
Indianapolis, Indiana